PURITAN CORDAGE MILLS v. SAMPSON CORDAGE WORKS.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1916.)

No. 2796.

1. APPEAL AND ERROR ⊚⟞⟞339(2)—TIME FOR APPEAL—INTERLOCUTORY DECREE.

A decree adjudging unfair competition, awarding an injunction, directing that defendant deliver up for destruction any imitative articles which he may have on hand, and ordering a reference for accounting of profits and damages, is interlocutory, not final, and an appeal not taken therefrom till more than 30 days after it was entered must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1884; Dec. Dig. ⊚⟞⟞339(2).]

2. APPEAL AND ERROR ⊚⟞⟞357(1)—APPEALABLE DECREE—BURDEN OF PROOF.

If the direction for destruction of imitative articles renders the decree final as to such articles, the burden is on appellant to show that there were such articles.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1928; Dec. Dig. ⊚⟞⟞357(1).]

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit by the Sampson Cordage Works against the Puritan Cordage Mills. Decree for complainant, and defendant appeals. On motion to dismiss, because not taken within 30 days. Dismissed.

Helm & Helm, of Louisville, Ky., for appellant.

McDermott & Ray, of Louisville, Ky., Coale & Hayes, of Boston, Mass., and Joseph Wilby, of Cincinnati, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges.

PER CURIAM. [1, 2] The decree adjudged unfair competition, awarded injunction, directed that defendant "now deliver up" for destruction any of the imitative articles "which it may have on hand," and ordered a reference for an accounting of profits and damages.

⊚⟞⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This decree must be deemed interlocutory, upon the authority of Maas v. Lonstorf (C. C. A. 6th Cir.) 166 Fed. 41, 91 C. C. A. 627. The direction for destruction is only for incidental relief, and does not, beyond recall, dispose of the main controversy, as in Thomson v. Dean, 74 U. S. (7 Wall.) 342, 19 L. Ed. 94; if this direction could distinguish from Maas v. Lonstorf, the burden would be on appellant to show that there were such articles on which the decree would thus take present final effect, and this burden is not met; and the statute permitting appeals from interlocutory orders has, as to this class of cases, removed the hardship which was the basis of the exception to the general rule that a decree is not final and appealable if a judicial accounting remains to be taken and reviewed.

Motion granted. The clerk will deliver to appellant, for use in a future appeal, all except five copies of the printed record.