## GARDNER v. GRAND BEACH CO. et al.

Circuit Court of Appeals, Sixth Circuit.
December 6, 1928.

No. 5051.

E. W. Froehlich, of Chicago, Ill., and N. Beal Kelly, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., and A. S. & E. W. Froehlich and Everett M. Swain, all of Chicago, Ill., on the brief), for appellant.

Allan Campbell and Charles S. Abbott, both of Detroit, Mich. (Gore & Harvey, of Benton Harbor, Mich., Campbell, Dewey, Stanton & Bushnell, of Detroit, Mich., and Little, Jordan, Adams & King, of Chicago, Ill., on the brief), for appellees.

Knappen, Uhl & Bryant, of Grand Rapids, Mich., for receiver.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

PER CURIAM. This is an appeal by plaintiff from a decree in a suit brought to foreclose a trust deed securing an issue of corporate bonds of the Grand Beach Com-

pany. The decree adjudged, among other things, that the rate of interest borne by the bonds was usurious under the laws of Illinois, and required the deduction from the principal of the bonds of all interest paid thereon. Appeal was taken 67 days after entry of decree.

We think the decree not final, and not appealable as such. The applicable rule is that a final judgment or decree is one which puts an end to the suit, deciding all points in the litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined. Arnold v. Guimarin, 263 U. S. 427, 432, et seq., 44 S. Ct. 144, 68 L. Ed. 371; France, etc., Co. v. French Republic (C. C. A. 2) 285 F. 290; Maas v. Lonstorf (C. C. A. 6) 166 F. 41, 43; Puritan Mills v. Sampson Works (C. C. A. 6) 232 F. 138, 139; Cutting v. Woodward (C. C. A. 9) 234 F. 307, 309, 310. We think it clear that the decree did not finally dispose of the entire controversy, nor was it intended to do so.

The errors assigned relate, respectively, to the adjudication as to usury, the alleged refusal to allow or decree foreclosure of the trust deed, and the giving to the receiver appointed by the decree a first lien (and thus, plaintiff says, superior to the lien of the trust deed) upon the assets of the Grand Beach Company for defendants' expenses and charges of the receivership arising from the conduct and/or operation of the business of that company and/or the Land-Owners' Association. We think the receivership related to the pendency of the foreclosure suit, and that it was interlocutory only, and so, under section 129 of the Judicial Code (28 USCA § 227) was appealable only within 30 days.

As to the first and second assignments: While foreclosure was not decreed, it was not refused. On the contrary, an accounting was ordered of the amount of principal remaining due and unpaid after the application thereon of all interest paid, with provision (for the purpose of determining the amount of such credits, and securing such accounting) that either party might at any time thereafter apply to the court for a setting of the cause before the court, or for an order of reference to a master, the court reserving the right to direct thereafter how such account should be taken, and that thereafter the plaintiff might have leave to file a petition for the entry of a decree of foreclosure and sale for the aggregate amount then due upon the accounting, together with his costs, expenses and charges—the court expressly reserving

and retaining jurisdiction of the cause for the purpose of entertaining such petition and determining the same, and (if the court should so determine) of granting and awarding to the plaintiff thereon all the relief prayed by the plaintiff in his bill of complaint, as well as such other relief as equity might require and the court should deem fit and proper.

Moreover, the decree expressly stated that a decree of foreclosure would not be granted at that time because of the right of the Grand Beach Company to have an application upon the principal of the interest already paid. It also appears that the parties had expressly reserved, until the time of the entry of a decree of foreclosure, the question of plaintiff's right to recover and introduce evidence as to his costs and expenses in connection with and growing out of the suit. Accordingly the court expressly reserved the above matters "for future determination prior to the entry of a decree of foreclosure, should the same be hereafter ordered." Moreover, the court's opinion (antedating the decree) had expressly stated that in view of the fact that plaintiff at the time of filing the bill was seeking to enforce a usurious contract "a decree of foreclosure will not now be granted."

Of the contention that the court had before it sufficient data to enable it to enter final decree, it is enough to say that the court did not do so. Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616.

We see no merit in plaintiff's contention that the decree required plaintiff, as a condition precedent to foreclosure, to concede a reduction of the interest held usurious, and thus estop plaintiff to appeal from the order of reduction. While the order for accounting, already cited herein, provided that, "after such accounting shall have been had, the plaintiff may have leave to file a petition praying for the entry of a decree of foreclosure and sale for the aggregate net amount found due upon such accounting upon all outstanding bonds, together with his costs," etc., we think the decree, taking all its provisions together, does not make plaintiff's right of recovery of the reduced amount conditioned on the filing of such petition. Not only is such filing in terms permissible, but either party is given the right "at any time hereafter," and for the purpose of determining the amount of the credits and securing the accounting, to "apply to the court for a setting of the cause before the court," and jurisdiction was expressly retained for the purpose, among others, of "granting and awarding to the plaintiff thereon all of the

relief prayed by the plaintiff in his bill of complaint filed herein." Should the court decline to grant plaintiff relief because of its refusal to concede the right to reduction on account of usurious interest, we have no doubt of plaintiff's right to appeal from the final decree, and thus bring up for review the question of usury.

The appeal must be dismissed.