**GRAND BEACH CO. et al. v. GARDNER et al.**

Circuit Court of Appeals, Sixth Circuit.
October 8, 1929.

No. 5282.

See, also, 29 F.(2d) 481.

Allan Campbell and C. S. Abbott, both of Detroit, Mich. (Campbell, Dewey, Stanton & Bushnell, of Detroit, Mich., on the brief), for appellants.

E. W. Froehlich, of Chicago, Ill. (Travis, Merrick, Johnson & Judd, of Grand Rapids, Mich., and A. S. & E. W. Froehlich and Everett M. Swain, all of Chicago, Ill., on the brief), for appellee.

M. M. Uhl, of Grand Rapids, Mich. (Knappen, Uhl & Bryant, of Grand Rapids, Mich., on the brief), for receiver.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

MACK, Circuit Judge. Bill to foreclose a mortgage deed of trust of the Grand Beach Company, given to secure an issue of its bonds, was filed in March, 1926, by Gardner, as trustee thereunder. The bill recited that in addition to the mortgaged hotel property the mortgagor had pledged to the trustee its 880 shares of stock in Land Owners' Association as further security for the bonds. Defendant Charles S. Abbott is alleged to be president both of the company and of the association, and as such president, by virtue of the company's ownership of the pledged association stock, to control the policies of both companies. The bill prayed for a receiver of both the company and the association and an injunction against Abbott. Answers were filed by the three defendants, and a cross-bill by the company and Abbott.

After full argument, a motion for a receiver was denied in July, 1926, without prejudice, however, to a renewal thereof in certain contingencies. The motion was renewed and fully heard on evidence in September and October, 1926. Decision was reserved to final hearing in November, 1926. Then again voluminous evidence was taken, arguments had, and briefs filed. Finally in March, 1927, the court found for plaintiff on all issues except that of usury. As the court found the company insolvent, the shares of the association impaired, and the necessity of keeping the assets of both corporations intact, a decree was entered April 9, 1927, with full findings, dismissing the cross-bill and appointing the Grand Rapids Trust Company receiver of both corporations. As we held in 29 F.(2d) 481, dismissing plaintiff's appeal, this decree is clearly interlocutory, so far as it relates to the bill. We expressed and express no opinion as to the finality of the dismissal of the cross-bill, as that question was not, and is not now, before us. No defendant, however, appealed at any time from so much of the decree as ordered the appointment of the receiver, or enjoined both corporations and all persons from interfering with the receiver's possession and management.

In May, 1927, the receiver filed a petition to have defendant Abbott and Fred M. Abbott enjoined from interfering with its management of the properties. The Abbotts answered specially, denying the jurisdiction of the court. The injunction as prayed for was granted June, 1927, but expressly without determination of title and lien claims that the Abbotts might have. No appeal was taken from this order.

In May, 1928, each corporation, by Charles S. Abbott, its president, moved to modify the decree of April, 1927, to the extent of "vacating and setting aside such portion thereof as orders and directs the appointment of the Grand Rapids Trust Company as receiver and an order winding up the said receivership administration, and for a further order vacating and dissolving the injunctions heretofore issued against" the Abbotts, and any injunctions against the officers and agents of the association "or in any way incident to said receivership for the following reasons." There follow reasons attacking both the original order on the merits and the administration of the receivership, both as extravagant and as hindering the corporation in its financing plans. On June 1, 1928, an order was entered denying the motions. The order, however, recites "the motion of defendants" as one to wind up the receivership administration and to dissolve the injunctions. It does not recite the prayer to vacate.

1. Not only the decree of April, 1927, as we have heretofore held, but also the order of June, 1927, is clearly interlocutory. Indeed, the injunction order is but incidental to the receivership decree. As neither of these orders was appealed from by defend-

838

ants at any time, they must at present be deemed valid.

■ 2. The order of June 1, 1928, is likewise interlocutory. Defendants, however, have appealed therefrom within the 30 days. That appeal must be considered, if the order is the kind of interlocutory order from which an appeal may be taken, under 28 USCA § 227, identical with section 129 of the Judicial Code as amended by the act of February 13, 1925, c. 229, § 1 (43 Stat. 937). That section provides for an appeal "where, upon a hearing, * * * an injunction is granted, * * * or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder." The last part, following the clause as to an order appointing a receiver, was added in 1925. A search of the legislative history of the amendment throws no light upon its interpretation. The text, context, and the analogy of other clauses are determinative thereof.

3. In form at least the motions of the two corporate defendants (appellant Abbott did not join therein) prayed for a dissolution of the injunction and a winding up of the receivership. We pass the question whether an appeal from an order solely refusing to dissolve an injunction which is purely incidental and essential to a receivership comes within the statutory provision. Here the order also refused to wind up the receivership. But clearly, if the receivership was to be maintained, the order refusing to dissolve the injunction was not only proper, but essential. In any event, there was no abuse of discretion in denying so much of the motion.

4. We note that the order does not recite that the motion was to vacate as well as to wind up the receivership. As there was but one motion by each of the corporate defendants, and as the reasons assigned therefor, as well as most of the evidence, were addressed to the vacation as distinguished from the winding up, the order denying "the prayers of the petitioners" must be interpreted as denying each part thereof.

5. The statute makes no provision for an appeal from an interlocutory order denying a motion to vacate the original appointment, but only from one refusing "to wind up a pending receivership." The distinc-

tion, in our judgment, is important. It prevents repeated appeals from efforts made after the 30 days, to vacate the original appointment. In American Grain Separator Co. v. Twin City Separator Co., 202 F. 202 (C. C. A. 8), Judge Sanborn admitted the force of the argument that a motion to dissolve an injunction, on the ground that it should never have been granted, is in effect a reargument of the original motion, and an appeal from an order denying the dissolution, taken more than 30 days after the granting of the injunction, in effect does away with the 30-day limitation. Nevertheless he declined to limit in this respect the right of appeal, holding that so to do would require the judicial insertion of an exception which Congress had not made. See, too, Baker v. Walter Baker & Co. (C. C. A.) 83 F. 3.

Without expressing any view on the result reached in the Separator Case, or on the analogy of the injunction dissolution clause to the receivership clause, we are clearly of the opinion that text and context forbid the insertion of such an addition to the legislative provision as would permit an appeal from an order refusing to vacate a receivership. "To wind up a pending receivership" has a clear meaning: it presupposes a receivership in course of administration, which because of changed circumstances ought not to be continued. "To vacate a receivership" indicates, on the other hand, a termination with such retroactive effect as may be feasible, an annulment if possible. The one looks to the future; the other, to the past. This view is fortified by the concluding clause of the section added by the same amendment. Both of these provisions deal with the further administration of a pending receivership; the one to end it in toto, because its purpose is accomplished; the other to direct certain definite steps in the proper administration thereof.

An order, therefore, denying a motion, in form "to wind up," but in substance "to vacate," the receivership, based solely upon the illegality or impropriety of the original order appointing a receiver, would not be appealable. Such an appeal cannot be obtained by indirect means. In so far, therefore, as the grounds assigned for the motion to vacate and wind up are the alleged original erroneous action of the court, they cannot be considered on this appeal. The trial court, of course, had and has jurisdiction at all times until after final decree to entertain such a motion. It is in effect a petition for a rehearing. But the review of an order

denying such a motion must await the review of the final decree.

We pass the question whether the other grounds for the motion were substantial or merely formal. It suffices to say that, as against the denials in the answers, no proof of acts or circumstances occurring subsequent to the appointment of the receiver was adduced in support of the allegations on which the motion was based and on the assumption of the propriety of the order of April, 1927, as to which, for the reasons stated, we express no opinion, there was clearly no abuse of judicial discretion in refusing to wind up the receivership before the purposes for which it was created were fully accomplished.

Order affirmed.