## GARDNER v. GRAND BEACH CO. et al.
### No. 5737.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1931.

E. W. Froehlich, of Chicago, Ill., for Gardner.

M. M. Uhl, of Grand Rapids, Mich., for Grand Rapids Trust Co.

Charles S. Abbott, of Detroit, Mich., for Grand Beach Co. and others.

Travis, Merrick & Johnson, of Grand Rapids, Mich., and A. S. & E. W. Froehlich and Edmund W. Froehlich, all of Chicago, Ill., for appellant.

Sempliner Dewey, Stanton & Bushnell, Edward R. Stanton, and Charles S. Abbott, all of Detroit, Mich., for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

The original bill sought to foreclose a mortgage securing a bond issue of the Grand Beach Company. Various phases of the case have heretofore been before this court [See 29 F.(2d) 481; Id. 34 F.(2d) 836.] The defendants now appeal from a decree of foreclosure and sale and also from an order directing the receiver to pay certain taxes, interest, and insurance and allowing it to borrow money with which to defray certain administration expenses. Plaintiff appeals from so much of the foreclosure decree as compels it to forfeit all interest upon its bonds upon the ground of usury. After said appeals were perfected, but before the record was filed here, plaintiff and defendants stipulated for a settlement of the litigation, which stipulation, with an amendment there-

to, the District Court, upon the ground that it was then without jurisdiction of the case and for other reasons, declined to recognize. Therefore defendants petitioned this court to compel the District Judge by mandamus proceedings to confirm and enforce said stipulation by appropriate orders and decrees, which petition was denied. Upon the hearing of the appeals here, plaintiff and defendants presented the stipulation as amended, and asked the court to dispose of the case in the light thereof. As a procedural matter plaintiff has filed here what he is pleased to call a "Plea of Release of Errors" based upon the stipulation. We have jurisdiction in the premises. Dakota County v. Glidden, 113 U. S. 222, 225, 5 S. Ct. 428, 28 L. Ed. 981; Talbot v. Mason, 125 F. 101, 104 (C. C. A. 6).

[2-4] The stipulation provides that the foreclosure decree shall be modified and amended so as to fix the sum of $350,000 as the total debt to plaintiff instead of the sum of $257,440, as determined by the decree; that neither the plaintiff nor its representatives or successors shall cause a sale of the mortgaged premises during the period of five years from January 9, 1930; that existing injunctions be dissolved; that the receiver shall file its final report, pass its accounts, and deliver to defendants all of their documents, books, vouchers, and records now in the possession of the receiver; that the defendants be forthwith restored to possession of all the properties involved and that the receivership be wound up and the receiver discharged. In addition to these principal features, the stipulation sets forth a comprehensive scheme for the determination of all matters in litigation. We find it unnecessary to consider the plan generally except to say that we think it constitutes a valid compromise as between the parties thereto. The law favors the settlement of controversies out of court, and equity will follow the law where it may do so without the violation of any fundamental equitable principle. The receiver alone resists the confirmation of this settlement. This is not a creditors' suit, and no other party, except possibly the American Radiator Company and Scott Dyer, whose claims were adjudicated in the foreclosure decree, is in an attitude to complain. The receiver insists that its interests have not been sufficiently protected; that no proper arrangement has been made to satisfy the receiver's certificates, its fees, expenses and other obligations. This matter affects not only the receiver but the court as well, for, having appointed the receiver and authorized it to take possession of and manage the property, to employ counsel, to issue receiver's certificates and borrow money, the court has of course pledged its faith that all of the authorized obligations of the receivership shall be paid or at least secured by proper liens upon the property in its custody.

We think these interests have been sufficiently safeguarded. The stipulation specifically provides that upon the determination of its final accounts the court may allow the receiver its proper lien for any sums found to be due it on such terms as the court may direct. The receiver's certificates are all owned by it, and, as we understand the record, other moneys expended in the interest of the receivership were advanced by it. No attempt is made to postpone the enforcement of said lien. The application to defer the sale of the property for five years is binding upon the plaintiff and its representatives only, and has reference to a foreclosure sale. It has no reference to court action for the enforcement of the receiver's lien. This mutual understanding of plaintiff and defendants is reflected by certain provisions of a proposed decree intended, if adopted by the court, to confirm the stipulation, which decree, as stated in defendants' brief, was drafted and approved by opposing counsel, and in which it is provided that the five-year period shall "in no wise limit or impair the power of the court to order a sale at any time for non-payment of obligations due to the receiver or others who have established or may hereafter establish valid liens against the premises superior to those of the plaintiff; provided, however, that the plaintiff and said defendants shall have a right to be heard upon any proposed action of the court to be taken with reference thereto."

In this connection we think that the American Radiator Company and Scott Dyer must be considered as falling within the class of "others who have established * * * valid liens against the premises superior to those of the plaintiff." These quasi parties are not parties to the stipulation, but in the District Court their claims were referred to a master. The master allowed them as secured lien claims, his report was unexcepted to, and was confirmed and approved by the court in the foreclosure decree. No assignment of errors challenges their correctness here. It does not appear that any citation issued to these parties. It is apparent to us that the properties involved are more than sufficient in value to satisfy these claims and any possible lien claims of the receiver.

The objection that the stipulation, if approved by the court, would set aside certain orders approving the reports of, and making allowances to, the receiver is without merit. It is true that the stipulation discharges the plaintiff from all liability to defendants on account of the appointment of the receiver or on account of any improper management of the receivership, and reserves the right to defendants to contest the accounts of the receiver and to question its management of the properties, but this can in no sense be construed as an agreement between the parties to abdicate or nullify any of the allowances heretofore made to the receiver. These are matters resting in the discretion of the court alone, pending the final settlement and discharge of the receiver.

The receiver complains that upon the confirmation of the stipulation it would be required by its terms forthwith to deliver to defendants all their books and records now in its possession. We do not regard this criticism as particularly weighty. It is more than probable that the defendants would necessarily require the possession of these books, documents, and records in the management of their affairs. Their retention by the receiver could only be for evidential uses in stating its final accounts. Their production whenever and wherever needed is a matter clearly under the control of the court. In addition, the proposed order of confirmation heretofore referred to contains a specific provision which, if approved by the court, will fully protect the receiver in this particular, and which provision the court would be warranted in adopting as a part of any confirmatory order..

Nor are we impressed with the argument that the possession of the receiver should continue in order that the court may maintain its jurisdiction over the property. We think that the doctrine of notice by lis pendens is sufficient for that purpose. Further, if during the progress of the cause the court should deem it necessary to repossess the properties by reason of the default of either party to the contract, it has ample authority to do so, not only in virtue of its inherent equitable jurisdiction, but by implied, if not express, provisions of the stipulation itself.

Without further detailed discussion, we conclude that the various objections urged by the receiver should not impel a court of equity to disregard the stipulation of the parties and to proceed, notwithstanding, to review the decrees appealed from. The parties have agreed upon the exact amount of the mortgage debt, the postponement of the foreclosure sale, the immediate discharge of the receiver, and the restoration of possession to the defendants, together with a full and complete plan of settlement. It is apparent that the receivership has not been a financial success, and that the relationship between defendants and the receiver has not been harmonious. The attitude of the defendants toward the receiver has been one of open hostility. We are not here concerned with fixing the responsibility for such a situation. Suffice it to say that, if under such circumstances the plaintiff whose interests are at stake and at whose instance the receiver was appointed feels that it should now be discharged and the defendants restored to possession, its attitude is entitled to serious consideration. But we are not especially concerned with the reasons leading to the compromise. The parties were competent to contract, and we regard it as not only our right, but our duty as well, to respect their voluntary settlement (Gulf, C. & S. F. R. Co. v. Dennis, 224 U. S. 504, 507, 32 S. Ct. 542, 56 L. Ed. 860); it appearing to us that the rights and interests of the receiver are sufficiently safeguarded. The court will at least relieve itself of all responsibility for further receivership losses.

The result reached here is that the case will be remanded to the District Court, with directions to confirm and enforce by appropriate orders and decrees the stipulation of the parties in accordance with the terms thereof as construed and interpreted by this opinion, and to modify the decree of foreclosure and sale in accordance therewith. As an aid to it, the court may or may not find various provisions of the proposed decree approved by the parties to be helpful.