## THE OAKLAND. *

### SCHOENAMSGRUBER v. HAMBURG AMERICAN LINE (two cases).

### No. 7388.

Circuit Court of Appeals, Ninth Circuit.
April 10, 1934.

*Rehearing denied July 11, 1934.

Vincent W. Hallinan, Emmett R. Burns, and S. T. Hogevoll, all of San Francisco, Cal., for appellants.

Derby, Sharp, Quinby & Tweedt and J. Hampton Hoge, all of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Two libels were filed in rem against the motorship Oakland, and in personam against the Hamburg American Line, a corporation, as owner of the motorship Oakland. One of the libels was brought by Hildegard Schoenamsgruber, a minor, by Gustav Schoenamsgruber as her guardian ad litem, for $250,000 damages, and the other was brought by Gustav Schoenamsgruber on behalf of himself and his wife as the parents of said minor child for $50,000 damages. Both libels are based upon an alleged breach of a maritime contract for the carriage of the minor child, Hildegard Schoenamsgruber, from Hamburg, Germany, to San Francisco, California. The alleged breach consisted of the alleged misconduct of a certain chief cook aboard ship resulting in the infection of the six year old daughter with a venereal disease.

The libelees, in addition to denying the allegations of the libels, allege that the contract of transportation was entered into with the mother of the minor child and that it contained an agreement to arbitrate any complaints based upon a breach of the terms of the contract. The agreement was as follows: "Complaints with respect to failure to fulfill this contract, claims for damages, etc., must be presented by the passenger immediately after arrival at the overseas port of destination to the agent of the Hamburg-American Line. In the event an agreement cannot be reached thereby, then the decision of the German Consul acting at the port of disembarkation shall be final and his decision shall be accepted, both parties waiving recourse to the courts at law."

The two libels were consolidated for trial, and on December 5, 1933, the trial court made an order referring the controversy to the German Consul at San Francisco as arbitrator and directed that the proceeding be stayed pending the arbitration, and further provided: "It is further ordered and decreed that this court retain jurisdiction of the above entitled action to make such orders and enter such decrees as are required or contemplated by the United States arbitration law, or otherwise permitted or required by law."

This order was evidently based upon 9 USCA § 8, which is as follows: "Proceedings begun by libel in admiralty and seizure of vessel or property. If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

On the 14th day of December notices of appeals from this order were given.

The libelees moved for dismissal of the appeals on the ground that the order appealed from is not an appealable order because it is not final in the proceedings. It is interlocutory and not such an interlocutory order as is appealable. 28 USCA §§ 225, 227. The order consequently is not appealable. O'Brien, Manual of Federal Appellate Procedure (2d Ed.) p. 60, and 1933 Supplement, p. 38; 1 Benedict on Admiralty (5th Ed.) p. 639, § 533; France & Canada S. S. Co. v. French Republic (C. C. A.) 285 F. 290, 292, 294; 1 C. J. 1345; 28 USCA § 227; Cox v. Graves, Knight & Graves (C. C. A.) 55 F. (2d) 217, 218; Gardner v. Grand Beach Co. (C. C. A.) 29 F.(2d) 481, 482; Waialua

Agr. Co. v. Christian (C. C. A.) 52 F.(2d) 847. In California Prune & Apricot Growers' Ass'n v. Catz American Co. (C. C. A.) 60 F.(2d) 788, 789, 85 A. L. R. 1117, we entertained an appeal from an order of the District Court directing the submission of a controversy to arbitrators under the California state arbitration act, the jurisdiction of the federal court having been invoked because of the diversity of citizenship. We reversed the order upon the merits. No motion was made in the case for dismissal of the appeal nor was it contended that the order was interlocutory. The petition in that case was for an order directing the parties to proceed to arbitrate in accordance with the terms of the agreement, and the order of the District Court directed "that the parties hereto be and they are hereby summarily directed to proceed with the arbitration in accordance with the terms thereof." The contract in that case provided that "any disputes arising under the said agreement be settled by arbitration before the Dried Fruit Association of California." The order on its face appeared to be a final order and was treated as such by the parties and by the court. It was based on section 1282 of the California Code of Civil Procedure, providing for a special and summary proceeding to procure an order for arbitration. Such an order under similar statute has been held to be a final order by the Court of Appeals of the State of New York. Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 169 N. E. 386. Hosiery Mfrs' Corp. v. Goldston, 238 N. Y. 22, 143 N. E. 779. It is not necessary for us in this case to consider or determine whether or not in a special proceeding an order for arbitration under the terms of the contract and under a state or federal arbitration law is a final order appealable to this court, for we are here considering an order for arbitration made in the course of litigation inaugurated by the libelant under the general law in which the defendant set up the existence of an agreement for arbitrating the controversy and in such case the proper proceeding is outlined by the United States Arbitration Act § 8 (9 USCA § 8), supra, and the arbitration order is clearly interlocutory.

The order in the case at bar is interlocutory in its character and is in accord with the statute which expressly provides that the order is to be followed by a proper decree. The brief of the libelant and appellant is largely devoted to the contention that the arbitration agreement is not binding upon the libelant, but that question is not before us.

The appeals are premature. The libelant has made a motion to introduce new testimony, but this cannot be considered in view of the fact that we have no jurisdiction of the case.

Appeals dismissed.