## ZALATUKA v. METROPOLITAN LIFE INS. CO.

### No. 6916.

Circuit Court of Appeals, Seventh Circuit.

Dec. 22, 1939.

George W. Taylor and Matt Taylor, both of Kenosha, Wis., for appellant.

Ernest E. Jones and Walter W. Hammond, both of Kenosha, Wis., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff filed suit against the defendant insurance company in a state court, and upon motion of the defendant the suit was removed to the District Court of the United States for the Eastern District of Wisconsin. Plaintiff sought to recover upon an "accidental death" clause in a policy in which plaintiff's deceased husband was the insured. The insured died in 1927 as a result of a gunshot wound, or wounds, in his head. Plaintiff claims that there were two wounds each of which was fatal and that the insured could not have inflicted both; while defendant claims that an examination of the skull will show only one fatal wound which insured inflicted with suicidal intent.

Acting under the authority of rule 34 of the New Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the District Court ordered the plaintiff to. consent to the exhumation of the body of her deceased husband in order to permit an examination of the skull. A few days later, on motion of the defendant, the court ordered that plaintiff's action be stricken from the current trial calendar and that any and all proceedings therein on behalf of the plaintiff be stayed until she complied with the previous order to execute and deliver to the attorneys for the defendant a written consent to, and request for, the exhumation of the body of her deceased husband.

This appeal is from the order staying proceedings, and defendant-appellee contends that the appeal must be dismissed on the ground (1) that this appeal is from a nonappealable interlocutory order, and (2) that if appealable, the appeal was not taken within the time fixed by law.

Plaintiff-appellant contends that the order in question, while not in the form of a final decree or judgment, has all the force and effect of a final judgment and must be treated as such. Plaintiff claims that under the law of Wisconsin defendant has no right to have the body of her deceased husband exhumed without her consent and further claims that she is under no duty to consent. On the basis of the foregoing, plaintiff contends that when the trial court struck her cause from the cur-

rent calendar and in addition stayed all further proceedings until such time as plaintiff should comply with the order of discovery, the court, for all practical purposes, made a final disposition of plaintiff's litigation, unless plaintiff was willing to relinquish her claimed right in respect to exhumation of her deceased husband's body. Plaintiff points out that if the trial court had dismissed her complaint with costs the order would have constituted a final judgment from which an appeal could be taken; and plaintiff adds that the District Court should not be permitted to "accomplish indirectly through an indefinite stay what it could not do through a dismissal of the action," that is, cut off an appeal by substituting an indefinite stay for dismissal of the action.

Plaintiff concedes that the order of discovery was a nonappealable interlocutory order. If the order of stay of proceedings is an appealable interlocutory order the appeal was taken too late and the motion to dismiss should be granted. But if the order is in law a final decree or judgment there is no question about its appealability or the timeliness of the appeal.

The correctness of plaintiff's contention that the order is a final judgment or decree depends upon the effect of the provision in the order that plaintiff's action be stricken from the current calendar and that all proceedings in plaintiff's action on behalf of the plaintiff be stayed until she complied with the previous order of discovery. We attach no significance to the striking of the case from the current calendar since that was merely an administrative formality incident to the staying of all proceedings on behalf of the plaintiff. We disregard that action and consider only the effect of the stay of proceedings.

In Schoenamsgruber v. Hamburg American Line[1] the Supreme Court stated that an order which stayed proceedings in an admiralty hearing until after an arbitration proceeding could be completed was not distinguishable, as respects appealability, from an order postponing trial of an action at law to await the report of an auditor, and in the foregoing case the court affirmed a judgment of a Circuit Court of Appeals, The Oakland, 9 Cir., 70 F.2d 234, which had held such an order to be inter-locutory and not appealable. In Enelow v. New York Life Ins. Co.[2] and Shanferoke Coal & Supply Corp. v. Westchester Co.[3] the Supreme Court held that an order granting or denying a stay of proceedings, which was based on an equitable defense or cross bill interposed in an action at law, was an appealable interlocutory order within the provisions of the code.[4] The stay orders involved in the foregoing cases are not substantially different in effect from the stay order in the instant case. In form they are substantially the same and the effect was, as in the instant case, to stay proceedings for an indefinite time and until the plaintiff in each case should initiate and terminate an arbitration proceeding.

The suggestion of finality in the instant order is found in the requirement that the plaintiff abandon her claimed right in respect to the exhumation of the body of her husband as a condition precedent to the trial of her suit. The order carries an appearance of a final adjudication of the question of the right of the plaintiff in respect to the exhumation of the body. It is difficult to see, however, that such an order affects the rights of a party in any different sense than an order to produce documents, when such order is opposed on the ground that it constitutes a violation of a party's constitutional protection against unreasonable search and seizure. In such a situation the trial court necessarily decides that the order does not violate the constitutional rights of the objecting party, but such decision, whether right or wrong, is directed to the trial procedure and is treated as affecting merely the admissibility of evidence and not as a final adjudication of the question of invasion of constitutional rights. The correctness of such an order would be reviewable on appeal from the final judgment in the case, but it does not constitute a final judgment.

We are of the opinion that the order staying proceedings in the instant case, considered apart from the order of discovery, is an interlocutory order; and we are also of the opinion that it is not transformed into a final decree or order by reason of the fact that its continuance is conditional upon plaintiff's obeying the order of discovery which is admittedly a

[1] 294 U.S. 454, 457, 55 S.Ct. 475, 79 L.Ed. 989.

[2] 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440.

[3] 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

[4] 28 U.S.C.A. §§ 225 (b) and 227.

non-appealable interlocutory order. Furthermore, we do not think that the pleadings in the instant case bring it within the rule of Enelow v. New York Life Ins. Co. and Shanferoke Coal & Supply Co. v. Westchester Co., supra, since the stay in the instant case was not based on an equitable defense or cross bill interposed in the action at law, but was based upon the order of discovery which was procedurally a part of the law action. But even if under the foregoing cases the order is an appealable one, still the decisions in those cases would require a holding that it is an interlocutory order. But as already stated, the appeal was not taken within the time limited for interlocutory appeals, and the order, if appealable, would be barred.

Defendant-appellee's motion to dismiss is granted and the appeal is dismissed.