## CONTINENTAL GRAIN CO. v. DANT & RUSSELL, Inc.

### No. 9572.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1941.

Jay Bowerman and John H. Hall, both of Portland, Or., for appellant.

Wood, Matthiessen & Rankin and Erskine B. Wood, all of Portland, Or., for appellee.

Before WILBUR, GARRECHT, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant invoked the admiralty jurisdiction of the United States District Court for the District of Oregon by applying to that court for an order compelling arbitration of certain obligations growing out of a charter party entered into between appellant and appellee. The agreement for arbitration is contained in the charter party and provides that should any dispute arise between the owners and the insurers the matter in dispute shall be referred to three persons in New York, one to be appointed by each of the parties, and the third by the two so chosen. It was provided that "their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the court. The arbitrators shall be commercial men."

The petition showed the nature of the claim made by it upon the appellee for $1,949.04 growing out of the charter party, that the appellee had refused to pay the sum alleged to be due and that the appellant had demanded arbitration pursuant to the charter party and had named its arbitrator Geo. M. Bress, 80 Broad Street, New York; that the appellee had refused to arbitrate or to name an arbitrator. Appellant prayed that the arbitration proceed in accordance with §§ 4 and 5 of the United States Arbitration Act, 9 U.S.C.A. §§ 4 and 5, for costs and for further relief.

The appellee, after denial of its motion to dismiss the petition, admitted the execution of the charter party, admitted the existence of a dispute arising therefrom, denied liability, alleged that it refused to arbitrate the matters involved, and that it was unwilling to do so at New York because its place of business was Portland, Oregon, and that it believed it had a good and meritorious defense to the petitioner's claim; alleged that the witnesses needed to substantiate its claims resided in Portland, and that the appellant had an office and place of business in Portland; alleged it was willing to arbitrate the matter at Portland, Oregon, or within the District of Oregon, but that it would be unfair and unjust to require respondent to be dragged across the country to arbitrate in New York. The court ordered arbitration "in the manner provided for in the agreement, provided the hearing and proceedings under such agreement shall be within the district in which the petition for the order directing such arbitration is filed and provided that petitioner Continental Grain Company fully cooperate therein and proceed with said arbitration." Appellant gave notice of appeal.

The appellee, without moving to dismiss the appeal for lack of jurisdiction, has suggested that in view of the decision of this court and the Supreme Court in Schoenamsgruber v. Hamburg American Line, 294 U. S. 454, 55 S.Ct. 475, 79 L.Ed. 989; Id., 9 Cir., 70 F.2d 234, it doubts whether or not the order appealed from is a final order of the court and appealable as such.

It is true, as held in the above case, that where an action has been brought upon an obligation and the defendant, as a defense, invokes an agreement to arbitrate the dispute in order to procure a stay of the trial of the action until the arbitration has been completed, the order for the stay is not a final order because further proceedings are contemplated after the arbitration is completed. 9 U.S.C.A. §§ 3, 5. The appellant is proceeding in conformity with § 4 of the Arbitration Act and the final and only order requested of the court is the order provided for in that section directing "the parties to proceed to arbitration in accordance with the terms of the agreement."

The arbitration agreement herein does not provide for the entry of the award as a judgment of the court as it might have done if the agreement had so provided. 9 U.S.C.A. § 9. In the absence of such an agreement the award cannot be summarily entered as a judgment of the court. Lehigh Structural Steel Co. v. Rust Engineering Co., 61 App.D.C. 224, 59 F.2d 1038; 9 U.S.C.A. § 9. It follows that the order appealed from is a final order of the court and that this court has jurisdiction of the appeal. The only point raised by the appellant is that the order of arbitration which is requested should have provided for a hearing in New York. This point is not well taken.

The statute expressly provides that the hearing and proceeding shall be within the district in which the petition for the order directing the arbitration is filed. In the statute (Act of Feb. 12, 1925, ch. 213, § 4, 43 Stat.L. pp. 883, 884, 9 U.S.C.A. § 4) the clause under consideration with reference

to the place of the arbitration is in the form of a proviso reading as follows: " * * * the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement: Provided, That the hearing and proceedings under such agreement shall be within the district in which the petition for an order directing such arbitration is filed." In the compilation of the act for the United States Code the words "provided that" are omitted. We mention this distinction although there is no difference between the meaning of the section as printed in the statute and in the code. In both it is stated that the hearings and proceedings under the agreement shall be within the district in which the petition for an order directing such arbitration was filed.

 The appellant challenges the right of the court to order the arbitration within the district of Oregon because such an order does not conform to the agreement of the parties for an arbitration in New York. Prior to the enactment of the United States arbitration act (1925) such agreements could not be enforced in the courts of the United States. If there could be any doubt of the power of the legislature to limit the right of arbitration to one conducted within the jurisdiction of the district court ordering the arbitration, it must be dispelled by the consideration that Congress could attach any limitation it desired to the right to enforce arbitration in the federal courts, that it has made a condition that the arbitration be held in the district where the court sits, that the contract in question was executed with a knowledge that Congress had so provided, and that the appellant had invoked the jurisdiction of a court other than that having jurisdiction in New York to enforce the agreement. The appellant, having invoked the jurisdiction of ·the United States District Court for Oregon is hardly in a position to complain that it has exercised that jurisdiction in accordance with the statute giving it jurisdiction.

The appellee, in aid of the interpretation of the statute as applied by the district court, has called attention to the discussion with reference to that matter on the floor of the United States Senate wherein the proviso above mentioned was added by way of amendment. The reference is to the statement of Senator Sterling, in charge of the bill before the Senate. The appellant contends that the court cannot consider this discussion unless the terms of the act

are so ambiguous as to require recourse to such discussion. He cites in support of that proposition 59 C.J. 1017, § 604, and Pennsylvania R. R. Co. v. International Coal Mining Co., 230 U.S. 184, 33 S.Ct. 893, 57 L.Ed. 1446; Omaha & Co. B. St. Ry. Co. v. I. C. C., 230 U.S. 324, 33 S.Ct. 890, 57 L.Ed. 1501, 46 L.R.A.,N.S., 385.

It is sufficient for the purposes of this decision to say that the statements invoked merely confirm the clear and obvious meaning of the statute and are not relied upon to change the clearly expressed intent of Congress.

Order affirmed.