INDIAN HARBOR INSURANCE
COMPANY, Plaintiff,

v.

GLOBAL TRANSPORT SYSTEM,
INC., Defendant.

No. 01 CIV. 10159(RWS).

United States District Court,
S.D. New York.

April 16, 2002.

Skoufalos, Llorca & Ziccardi, New York,
NY (Manuel R. Llorca, Manuel A. Molina,
of Counsel), for Plaintiff.

Lyons, Skoufalos, Proios & Flood, New
York, NY (George N. Proios, Edward P.
Flood, of Counsel), for Defendant.

*OPINION*

SWEET, District Judge.

Defendant Global Transport System,
Inc. ("Global") has moved to direct plaintiff
Indian Harbor Insurance Company ("Indi-
an Harbor") to proceed to arbitration in
San Juan, Puerto Rico. Indian Harbor con-
tends that this Court only has the authori-
ty to compel arbitration in this district.

For the reasons stated below, Indian Harbor's cross-motion is granted, and the parties are directed to proceed to arbitration in New York.

## PRIOR PROCEEDINGS

The facts underlying this dispute are described in greater detail in *Indian Harbor Ins. Co. v. Global Transport System, Inc.*, 2002 WL 435650 (S.D.N.Y. March 20, 2002), familiarity with which is presumed.

In *Indian Harbor*, this Court dismissed Indian Harbor's complaint and compelled the parties to arbitrate a dispute regarding whether Global's eleventh hour request to modify its insurance policy was successful. This Court did not specify where the arbitration was to take place, however, leading to the current controversy.

By letter dated March 27, 2002, Global moved to compel arbitration in San Juan, Puerto Rico. The policy that is the subject of this dispute contains a broad arbitration clause specifying that all matters are to be arbitrated in San Juan, Puerto Rico "unless otherwise agreed by the parties." Indian Harbor cross-moved by letter dated March 27, 2002, for the arbitration to take place in New York. The case was argued on April 10, 2002, and was considered fully submitted at that time.

## DISCUSSION

The Court of Appeals for the Second Circuit has not yet decided how a district court should proceed when a suit pending before it involves an arbitration agreement which specifies that arbitration should take place outside the court's district.[1]

Other circuits have responded in at least three ways in this situation. First, a district court may compel arbitration outside of its own district in the district specified in the arbitration agreement. *Dupuy–Busching General Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir.1975) (interpreting Section 4 of the Federal Arbitration Act ("FAA") to empower the court to decide the issue of arbitrability and to compel arbitration outside of its district). Second, the district court may compel arbitration in its own district and ignore the contractual provision. *Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781, 783 (9th Cir.2001) (holding that FAA venue provisions are discretionary, not mandatory, and thus the FAA "does not require venue in the contractually-designated locale"); *Continental Grain Co. v. Dant Russell*, 118 F.2d 967 (9th Cir.1941) (holding that district court can compel arbitration in its own district). Finally, the district court may lack the power to compel arbitration in any district and should either transfer the action to the contractually agreed-upon district or stay the proceedings pending resolution of the arbitration decision in the other district. *Snyder v. Smith*, 736 F.2d 409, 418–20 (7th Cir.1984) (holding that where arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration); *see also Roe v. Gray*, 165 F.Supp.2d 1164, 1171 (D.Colo.2001) (collecting cases and so holding).

1. The Second Circuit has addressed, however, the opposition situation, i.e. where a party seeks to transfer the case to another district although New York is the forum in which the parties have agreed to arbitrate. In such cases, "transferring an action under 28 U.S.C. § 1404(a), or dismissing it on the ground of forum non conveniens, is within the court's power, but is usually against the interests of justice ...." *Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.*, 759 F.2d 1027, 1031 (2d Cir.1985); *see also Aaacon Auto Transport Inc. v. Ninfo*, 490 F.2d 83, (2d Cir.1974) (holding court was without power to transfer case to another district where agreement provided for arbitration in New York and petition for order directing arbitration was filed in New York).

This decision involves an interpretation of Section 4 of the Federal Arbitration Act ("FAA"). That section provides, in pertinent part, that a

> party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in the agreement . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

In construing the section, it is important to keep in mind that, as the Supreme Court has explained, the FAA's venue provisions are discretionary, not mandatory. *Cortez Byrd Chips Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 194–96, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000). They do not supplant the general venue provisions of 28 U.S.C. § 1391(a). *Id.* Further, although the Supreme Court was considering different provisions of the FAA, the logic equally applies to § 4. *Textile Unlimited*, 240 F.3d at 784–85 ("The language of the venue provision of § 4 is less restrictive than that of the provisions the Court found permissive in *Cortez Byrd Chips.*").

On its face, § 4 provides that venue is proper for an action to compel arbitration in "any United States district court which, save for such agreement, would have juris-

diction under Title 28." FAA § 4. In addition, the only restriction in § 4 is where the actual arbitration, rather than the action to compel arbitration, takes place: "The hearing and proceedings . . . shall be within the district in which the petition for an order directing such arbitration is filed." FAA § 4; *see also Textile Unlimited*, 240 F.3d at 785 ("[Section 4] does not require that the petition be filed where the contract specified that arbitration should occur.") (*citing Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (9th Cir.1941)). In addition, as the Honorable Leonard B. Sand pointed out, the language of § 4 still reflects the law in 1925 when "it was possible for a contract to provide for arbitration in Kansas, for example, and for a New York corporation to sue to compel arbitration in New York against a California corporation." *E.C. Ernst, Inc. v. Potlatch Corp.*, 462 F.Supp. 694, 699 (S.D.N.Y. 1978).

 Global moved to dismiss Indian Harbor's complaint in this district and, as part of that motion, moved to compel arbitration in San Juan, Puerto Rico. Section 4 permits this Court to grant the motion to compel, but only to do so in this same district. Therefore, arbitration is directed to take place in New York.

The fact that Global was the party who sought to compel arbitration, rather than Indian Harbor, is important in reaching this decision. It would be a different matter if Indian Harbor had initiated the action in New York to compel arbitration in New York, rather than in San Juan, and if Global opposed that motion. In such a situation, the "interests of justice" would weigh against granting the motion to compel.[2] Instead, Indian Harbor submitted to the jurisdiction of this Court in filing a declaratory judgment action in the district.

---

**2.** These particular facts could lead to a concern raised by the Court of Appeals for the

Seventh Circuit. In declining to decide the issue of arbitration, the court stated that given

**4**

Global too submitted to the jurisdiction by not merely moving to dismiss the petition, but by also moving to compel arbitration here. Global, "having invoked the jurisdiction of the United States District Court for [the Southern District of New York] is hardly in a position to complain that it has exercised that jurisdiction in accordance with the statute giving it jurisdiction." *Continental Grain*, 118 F.2d at 969 (affirming district court's decision to order arbitration in Oregon, rather than contractually agreed upon place).

## CONCLUSION

For the foregoing reasons, Indian Harbor's motion is granted and Global's motion is denied. The parties shall proceed to arbitration in New York.

It is so ordered.

a different rule, "[a]ny party to an arbitration agreement could avoid the effect of the agreed-to forum merely by filing suit in a different district. This in turn could lead to the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations." *Snyder*, 736 F.2d at 419–20. Here, Global sought the order to compel, and now it is Indian Harbor that is trying to enforce the order to compel in the forum state.