**GARNER LUMBER COMPANY,**
Plaintiff,

v.

**RANDOLPH E. VALENSI, LANGE,
INC., Defendant.**

Civ. No. ST-C-74-1.

United States District Court,
W. D. North Carolina,
Statesville Division.

May 29, 1974.

W. E. Crosswhite, Sowers, Avery & Crosswhite, Statesville, N. C., for plaintiff.

Lewis P. Hamlin, Jr., Richard R. Reamer, Kluttz & Hamlin, Salisbury, N. C., for defendant.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

Garner Lumber Company, a North Carolina corporation with its principal place of business in Statesville, seeks to recover monetary damages from the defendant, Randolph E. Valensi, Lange, Inc., a Connecticut corporation, for the breach of a contract to sell and deliver to the plaintiff certain quantities of lumber. The defendant was to deliver the lumber by ship to the port of Wilmington, North Carolina, and Standby Letters of Credit as to each sale were to be established by the plaintiff.

The plaintiff contends that valid Letters of Credit were established through the First Union National Bank of North Carolina, and a part of the lumber was delivered to the plaintiff and thereafter sold at a profit, but that the defendant failed and refused to deliver the balance of the lumber resulting in substantial

losses to the plaintiff. The defendant contends that the plaintiff failed to establish Letters of Credit as required by the agreement and thereby breached the contract, and the defendant · counterclaims for its damages. The defendant further alleges that the plaintiff is not entitled to maintain this action because of a provision in the Purchase and Sale Agreement to submit to arbitration any dispute arising under the contract.

The defendant moves for an order dismissing the action and to compel arbitration of the dispute in New York City under the rules of the American Arbitration Association, or in the alternative for summary judgment and judgment on the pleadings against the plaintiff on the counterclaim. The plaintiff moves for partial summary judgment as to liability under the contract.

The Court heard oral argument on the Motions in Statesville on April 19, 1974, and thereafter counsel for the parties filed briefs. After due consideration of the arguments, pleadings, affidavits and the briefs, the Court now enters its findings and conclusions.

That on or about March 21, 1973, the plaintiff and defendant entered into a contract for the purchase and sale of 600,000 board feet of Banak/Virola lumber at $222.00 per thousand feet, and 300,000 board feet of Sajo lumber at $215.00 per thousand feet. The defendant agreed to deliver the lumber to the port of Wilmington, North Carolina, and plaintiff was required to establish Standby Letters of Credit as to each sale. A Standby Letter of Credit was established by the plaintiff through the First Union National Bank of North Carolina on April 13, 1973 (Plaintiff's Exhibit A and Defendant's Exhibit E). An amendment was made to this line of credit on August 2, 1973 extending the time for drawing and negotiating drafts from August 1, 1973 to September 30, 1973 (Plaintiff's Exhibit B). The agreement is evidenced by Purchase Orders Numbers 2337–228 and 2337–229 from the plaintiff and Sales Confirmations Numbers 73046–A and 73108 from the defendant (Defendant's Exhibits A, B, C, and D) attached to the defendant's Answer and Counterclaim. On the reverse side of each Sales Confirmation these words, among others, appear:

"SALES CONTRACT

"General terms:

1) Each shipment shall stand as a separate contract.

2) Not applicable.

3) Not applicable.

4) Not applicable.

5) Any dispute under this contract which cannot be settled amicably, shall be submitted to arbitration in New York, N.Y., and in absence of agreement, by and in accordance with the rules, then obtaining, of the American Arbitration Association. Judgment on the award rendered may be entered in any court having jurisdiction."

On the Sales Confirmation for the Sajo lumber the signature of Judith Hoover appears as accepting its terms for the purchaser, Garner Lumber Company. She is also the person who signed the Purchase Orders for Garner Lumber Company.

By letter dated April 27, 1973 (Defendant's Exhibit F), the defendant advised plaintiff that Standby Letter of Credit Number S–3022 (Defendant's Exhibit E) which was established April 13, 1973 with reference to the Virola agreement must be amended to include certain alterations. This letter was written subsequent to a telephone conversation on the same subject matter between Mr. Garner and Mr. Valensi had on April 26, 1973. The alterations were never made. Subsequently, a dispute arose between the parties as to the establishment of a line of credit for the Sajo lumber and, on November 20, 1973 the plaintiff instituted an action in the Superior Court of Iredell County, North Carolina, seeking to recover from the defendant the sum of $93,450.00 for the alleged breach

of the contract by the defendant's refusal to deliver all lumber covered by the Purchase and Sale Agreement between the parties. The action was removed to this Court and the defendant answered and counterclaimed for $7,500.00 for its damages for the alleged breach of the contract on the part of the plaintiff. The defendant then demanded that the dispute be submitted to arbitration in New York City.

The Purchase Orders and the Sales Confirmations appear to constitute a Purchase and Sale Agreement between the parties for Sajo and Virola lumber, and the controversy which now exists between the parties arose directly out of this agreement.

■ The Purchase and Sales Agreements between the parties to this action involve "commerce" as that term is used in the Federal Arbitration Act, 9 U.S.C.A., Section 2, and as it is defined in Section 1 of said Act. The Court finds that the defendant has proceeded with reasonable dispatch in moving that this action be submitted to arbitration in accordance with provision 5 of the Sales Confirmation. Any delay which may have resulted from the removal of this action to this court did not in any manner prejudice any of the plaintiff's rights.

■ The Court therefore concludes that the Purchase Orders and the Sales Confirmations were valid written contracts existing between the parties, and that such contracts contain a provision to submit any dispute arising under such contracts to arbitration. That the written provision in the contract to arbitrate is valid, irrevocable and enforceable under Section 2 of the Federal Arbitration Act. The Court further finds that the defendant has not been in default in proceeding with arbitration and that the motion for arbitration must be governed by the provisions of the Federal Arbitration Act.

■ The Court further finds that the defendant is entitled under Section 3 of the Federal Arbitration Act to a stay of the proceedings in this action pending arbitration of the controversy herein in accordance with the agreements of the parties. Carolina Throwing Co. v. S & E Novelty Corp., 442 F.2d 329 (4th Cir. 1971).

Now, therefore, it is ordered that the proceedings in this action be, and the same are hereby stayed pending arbitration of the controversy existing between the parties, and that such arbitration proceed in accordance with the terms of the contracts.