**DUPUY–BUSCHING GENERAL AGENCY, INC.,**
**Plaintiff-Appellant,**

v.

**AMBASSADOR INSURANCE CO.,**
**Defendant-Appellee.**

**No. 75–3155**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 24, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409. Part I.

Earl Keyes, Jackson, Miss., for plaintiff-appellant.

Thomas H. Watkins, Jackson, Miss., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of Mississippi directing the parties to proceed with arbitration in North Bergen, New Jersey, in accordance with the terms of a contract into which they had entered. Although the order, on its face, is contrary to the express terms of the Federal Arbitration Act, 9 U.S.C.A. § 4, we find that the District Court acted properly in the context of this case and therefore affirm.

The appellant, Dupuy-Busching General Agency, and the appellee, Ambassador Insurance, entered into a contract involving insurance commissions which included a clause providing for arbitration of any dispute in North Bergen, New Jersey. A dispute arose as to the amount of commission due in a sum in excess of $10,000, and Ambassador gave notice of a demand for arbitration under the terms of the contract, to be accomplished in New Jersey.

Dupuy-Busching filed suit in chancery court in Hinds County, Mississippi seeking to enjoin the arbitration and to revoke its agreement to arbitrate, ostensibly under Mississippi law. Ambassador then petitioned to remove the case to the United States District Court for the Southern District of Mississippi on the basis of diversity, where it also asserted that the contract was one involving interstate commerce and therefore subject to federal arbitration law. Ambassador is a Vermont corporation with its principal office in New Jersey. Dupuy-Busching is a Mississippi corporation.

Ambassador answered the complaint of Dupuy-Busching originally filed in state court and also asserted a counterclaim under Rule 13(a), F.R.Civ.P., alleging that Ambassador was

aggrieved by the failure, neglect or refusal of counter-defendant to arbitrate and [Ambassador] petitions the court for an order directing that such arbitration proceed in the manner provided for in such agreement.

The district court found that the contract was one involving interstate commerce and that the arbitration clause of the contract was therefore valid, irrevocable, and enforceable. In its order, the court denied Dupuy-Busching's original suit to enjoin the arbitration, and or-

dered that "the arbitration proceed in a manner and at the place provided for in the agreement." The appellant does not challenge the court's finding that the contract was one involving interstate commerce but raises an issue regarding the interpretation of Section 4 of the Federal Arbitration Act, 9 U.S.C.A. § 4.

█ The resolution of the issue involved in this case involves not only an interpretation of the Federal Arbitration Act [1] but also its interaction with the Federal Rules of Civil Procedure. In a case such as this, where the suit is brought in a district other than the one in which the contract states that arbitration is to be held, there is a conflict between the provision as to ordering arbitration "in accordance with the terms of the contract," while having the proceedings take place in "the district in which the petition is filed."

The most recent judicial consideration of this conflict was in the case of *Econo-Car International, Inc. v. Antilles Car Rentals, Inc.*, 3 Cir., 1974, 499 F.2d 1391. The court there found that the express provision as to venue took precedence over the implicit provision regarding the terms of the contract and held that, where the party seeking arbitration had brought a lawsuit in a district other than that provided for in the contract, the district court in which the suit was presented could only order arbitration within its own district. In effect, the bringing of the suit was a waiver of the contract and provision. *See also Continental Grain Co. v. Dant & Russell, Inc.*, 9 Cir., 1941, 118 F.2d 967.

The facts of this case, however, are distinguishable from those before the courts in *Econo-Car International, Inc.*, and *Continental Grain Co.*, in that the party seeking to avoid arbitration (Dupuy-Busching) brought suit in Mississippi, rather than the party seeking arbitration (Ambassador), who removed the case to federal court. Here, therefore, Ambassador may well complain that it did not invoke the jurisdiction of the Mississippi court, but only responded to the actions of Dupuy-Busching. The problem that Ambassador faced was that, if its Section 4 right to order arbitration were considered a compulsory counterclaim, then failure to assert that claim in the Mississippi district court might have precluded raising it in a subsequent suit in New Jersey. On the other hand, Dupuy-Busching argues that Ambassador, by asserting its Section 4 right in Mississippi, petitioned the court for enforcement of the arbitration agreement, thereby invoking the jurisdiction of the court under Section 4 and, as a consequence, subjected itself to the venue provision.

█ It may be argued that Ambassador should only have requested a stay of the proceedings in Mississippi, under Section 3 of the Arbitration Act, and then have sought whatever remedies it had under Section 4 in New Jersey. The answer to this, however, is that we view the Section 4 right of Ambassador as a compulsory counterclaim which, if not raised in Mississippi, would have been barred in any subsequent suit by the principles of res judicata.

We disagree with the argument of Dupuy-Busching, in that it would create a procedural trap by which a party to an arbitration agreement might be deprived

---

1. Section 4 of the Act provides, in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.* (Emphasis added).

of its contractual right to arbitration at the location specified in the agreement. We find, rather, that, where the party seeking to avoid arbitration brings a suit for injunctive relief in a district other than that in which arbitration is to take place under the contract, the party seeking arbitration may assert its Section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement. We find this result to be consistent with the policy underlying the Federal Arbitration Act and not in any way inconsistent with the results reached by the Third and Ninth Circuits. The judgment of the district court is therefore

Affirmed.