**BACHE HALSEY STUART SHIELDS, INCORPORATED, a foreign corporation, Petitioner,**

v.

**Robert MOEBIUS, Respondent.**

No. 81–C–845.

United States District Court, E. D. Wisconsin.

Jan. 13, 1982.

---

Quarles & Brady by W. Stuart Parson, William H. Harbeck, Milwaukee, Wis., for petitioner.

Kersten & McKinnon by Kenan J. Kersten, Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner Bache Halsey Stuart Shields, Inc. has moved for an order requiring Mr. Moebius to submit his employment-termination dispute to arbitration. Bache is a New York corporation and Mr. Moebius is a resident of Milwaukee. A state court proceeding was commenced by Mr. Moebius in April, 1981, in which he requested various forms of relief from Bache, stemming from the alleged wrongful termination of his employment in June, 1979.

On June 4, 1981, Bache brought a motion in the state court action seeking to stay further proceedings pending an arbitration. The June 4 motion was dismissed, without prejudice, pursuant to a stipulation of the parties. On June 30, 1981, a second motion was filed by Bache in the state court; the latter motion sought a stay of the state court proceedings pending (1) arbitration and (2) a decision of the United States district court on a contemplated motion to compel arbitration. Bache then formally demanded arbitration and alleges that Mr. Moebius refused to comply with that demand. Accordingly, the instant petition was filed in July, 1981.

The exhibits annexed to Bache's petition in this court amply demonstrate that Mr. Moebius signed agreements on May 11, 1976, which expressly provide for arbitration. I am persuaded that the claims made by Mr. Moebius in his state court action and the issues which are in dispute as a result of the termination of his employment with Bache fall squarely within the scope of the arbitration agreements which he executed. The Federal Arbitration Act, 9 U.S.C. § 4, contemplates that a federal district court may order the parties to such an agreement to proceed to arbitration. Notwithstanding the objections advanced by Mr. Moebius, I find that the arbitration agreements entered into between the parties evidence a transaction involving commerce. Accordingly, the provisions of section 4 of the Federal Arbitration Act are applicable. *Dickstein v. Du Pont*, 443 F.2d 783 (1st Cir. 1971).

The principal thrust of Mr. Moebius' opposition to Bache's petition is that section 788.01, Wis.Stats., which in general validates arbitration provisions, specifically provides that the state law "shall not apply to contracts between employers and employees." Thus, it follows, urges Mr. Moebius, that the arbitration agreement that he signed is unenforceable because it contravenes state law. He also contends that this court should not accept jurisdiction pursu-

ant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A contrary view, however, was expressed by *Chief Judge John W. Reynolds in Barron v. Tastee Freez International, Inc.*, 482 F.Supp. 1213 (E.D.Wis.1980), where, at page 1217, he stated:

"[T]he federal policy in favor of arbitration should be enforced, and that, despite a contrary state policy:

" 'The Federal Arbitration Act, 9 U.S.C. § 1 et seq., creates federal substantive law under the authority of the Interstate Commerce Clause. It is not merely procedural. Therefore it requires a federal court to adjudicate the issue of the enforceability of an arbitration clause even in a diversity action according to federal law. A federal court is not bound under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to consider state policy reasons which might suggest that a matter should not be subject to arbitration even though, if presented with the same issue, a state court might reach a different result.' [*Romnes v. Bache & Co., Inc.*] 439 F.Supp. [833] at 838."

 The respondent also notes that Bache stipulated to dismiss its original motion in the state court for arbitration and now has another motion for the same relief pending in the state court. The respondent suggests that this will enable Bache to obtain another "kick at the cat," but Bache denies that it will be attempting to "bite the same apple twice." In my opinion, this argument, and also his contention that Bache has engaged in forum-shopping, fall in the face of the legislative policy behind section 4 to make arbitration agreements specifically enforceable. *The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44, 64 S.Ct. 863, 864, 88 L.Ed. 1117 (1944). In the recent decision of the court of appeals for this circuit, *Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638 (7th Cir. 1981), the court stated:

"Accordingly, if the agreement provides for arbitration, the only issues concern the 'making of the agreement to arbitrate' itself." *Id.* at 645.

Subsequently, the *Dickinson* court stated the following:

"In summary, the Arbitration Act requires that we enforce the bargain of the parties as to dispute resolution and not substitute our own views of economy and efficiency." *Id.* at 646.

While the respondent urges that the court refrain from staying the state court proceedings, it seems to me quite clear that effective relief on the granting of this motion can only be accomplished by such a stay.

Therefore, IT IS ORDERED that the petitioner's motion for an order compelling arbitration be and hereby is granted.

IT IS ALSO ORDERED that the parties be and hereby are stayed from proceeding with circuit court of Milwaukee County action No. 549467 until such time as arbitration has been completed.

IT IS FURTHER ORDERED that the petitioner be and hereby is awarded its costs and disbursements in this federal court proceeding.