COULEUR INTERNATIONAL LTD., Plaintiff,

v.

SAINT-TROPEZ WEST, A DIVISION OF CALIFORNIA FASHION INDUSTRIES, INC., Defendant.

No. 82 Civ. 2759 (HFW).

United States District Court, S. D. New York.

Sept. 21, 1982.

Helfat & Helfat by Bernard A. Helfat, New York City, for plaintiff.

Kronish, Lieb, Shainswit, Weiner & Hellman by Mark G. O'Connor, New York City, for defendant.

WERKER, District Judge.

This is a diversity action in which plaintiff seeks to recover the balance allegedly due on contracts for the sale of textiles from plaintiff to defendant. Plaintiff is a New York corporation with its principal place of business in New York, New York. Defendant is a foreign corporation, presumably organized under the laws of the State of California. Its principal place of business is in Los Angeles, California. The amount in controversy exceeds $10,000. The matter is presently before the court on defendant's motion for an order compelling arbitration of the claims asserted herein pursuant to section 4 of the Federal Arbitration Act. 9 U.S.C. § 4. For the reasons discussed below, defendant's motion is denied.

### FACTS

Sometime in the summer of 1980, plaintiff and California Fashion Industries, Inc. ("CFI"), established a business relationship whereby plaintiff began selling CFI textile goods pursuant to CFI's purchase requests. The goods were shipped from plaintiff in New York to California. CFI initiated the orders by telephone calls to plaintiff and thereafter forwarded purchase order forms to plaintiff. These forms contained a clause requiring the arbitration of any controversy relating thereto before the West Coast Textile Industry Arbitration Council in California. Plaintiff confirmed these orders by sending CFI a form that also contained an arbitration clause. That clause, however, required that arbitration be conducted in New York City according to the rules of the General Arbitration Council of the Textile Industry. Neither party executed or returned the forms sent to it by the other.

On this motion, defendant seeks to compel arbitration in California in accordance with the terms of the arbitration clause contained in the CFI purchase order form.

Defendant claims that plaintiff specifically agreed to the provisions of that clause. Plaintiff opposes the motion on the ground that it never agreed to arbitrate in California. Due to the court's disposition of this motion, it need not decide this issue.

### DISCUSSION

Given the interstate nature of the contracts involved in this action, defendant's motion to compel arbitration is governed by the Federal Arbitration Act. 9 U.S.C. § 1. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967). Section 4 of the statute provides that a motion to compel arbitration may be made in any district in which the court, in the absence of an agreement to arbitrate, would have subject matter jurisdiction over the controversy. 9 U.S.C. § 4. Subject matter jurisdiction in this case is premised properly on 28 U.S.C. § 1332(a)(1). Section 4 further provides that, on a motion to compel arbitration, the court,

> upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, ... shall make an order directing the parties to proceed with arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4.

The arbitration agreement sought to be enforced by defendant calls for arbitration in California. Although section 4 states that arbitration shall proceed "in accordance with the terms of the agreement," it prohibits the court from directing the parties to arbitrate anywhere outside its own district. Admittedly, a paradox is created where, as in this case, the agreement provides for arbitration in a place other than the district in which the motion to compel is made. Nevertheless, courts within this Circuit consistently have construed the venue limitation imposed by section 4 as a statutory restriction on the court's power, notwithstanding the provisions of the arbitration

agreement. *Aaacon Auto Transp., Inc. v. Ninfo,* 490 F.2d 83, 84 (2d Cir. 1974) (per curiam); *E. C. Ernst, Inc. v. Potlatch Corp.,* 462 F.Supp. 694, 697–98 (S.D.N.Y.1978); *Lawn v. Franklin,* 328 F.Supp. 791, 793–94 (S.D.N.Y.1971); *accord Econo-Car Internat'l, Inc. v. Antilles Car Rentals, Inc.,* 499 F.2d 1391, 1394 (3d Cir. 1974); *Continental Grain Co. v. Dant & Russell, Inc.,* 118 F.2d 967, 968–69 (9th Cir. 1941). *But see Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.,* 524 F.2d 1275, 1277–78 (5th Cir. 1975). Thus, this court has no power to order the parties to arbitrate in California.

## CONCLUSION

■ This motion simply was made in the wrong district. What defendant should have done was seek to have this action stayed pursuant to section 3. 9 U.S.C. § 3. *See Netherlands Curacao Co., N. V. v. Kenton Corp.,* 366 F.Supp. 744, 745–46 (S.D.N.Y.1973). The proper place to obtain the relief defendant seeks on this motion is California.

Accordingly, defendant's motion for an order compelling arbitration of the claims asserted in this action is denied.

SO ORDERED.