KLEIN SLEEP PRODUCTS, INC., Plaintiff,

v.

HILLSIDE BEDDING COMPANY, Defendant.

H.B. FRANCHISING CORP., improperly designated herein as Hillside Bedding Company, Third-Party Plaintiff,

v.

SBS BEDDING, INC., Third-Party Defendant.

No. 82 Civ. 4014 (RWS).

United States District Court, S.D. New York.

Oct. 12, 1982.

Norman I. Klein, New York City, for defendant and third-party plaintiff.

Aurnou, Bobrow, Greenapple, Kurzman & Midler, New York City, for third-party defendant; Henry B. Bobrow, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant/third-party plaintiff H.B. Franchising Corp. ("HB") has moved for a preliminary injunction directing third-party defendant SBS Bedding, Inc. ("SBS") and its officers and shareholders to relinquish any interest they may have in and to refrain from participating in the business and operations of Freedhym Enterprises, Inc., d/b/a Family Sleep Centers ("Freedhym"). SBS has made a cross-motion pursuant to 9 U.S.C. § 3 for a stay of this action pending arbitration. For the reasons stated below, the motion for a stay is granted, and the motion for a preliminary injunction is denied.

HB is a franchisor of retail stores that sell beds and bedding products under the tradename "Hillside Bedding." SBS, a franchisee, operates a Hillside Bedding Store in Danbury, Connecticut pursuant to a franchise and license agreement entered into in March, 1981. This lawsuit was commenced by plaintiff Klein Sleep Products, Inc. ("Klein Sleep") against HB as a copyright infringement action. Klein Sleep alleged that certain advertisements for Hillside Bedding stores infringed its copyright. HB impleaded SBS, alleging that the offending advertisements were published by SBS without HB's approval. HB also alleged certain violations by SBS of the franchise and license agreement.

The copyright infringement claim has been settled by the parties. Klein Sleep, therefore, is not a party to these motions. The controversy between HB and SBS, however, has escalated. In its motion for a preliminary injunction, HB claims that Steven Friedmann, a shareholder, officer, and director of SBS, is operating a retail store through Freedhym in competition with HB, and that this is a violation of the franchise and license agreement. SBS opposes the motion on the grounds that the prerequisites for preliminary injunctive relief are not met, and that in any event, the franchise agreement is voidable by SBS due to HB's alleged failure to comply with New York's Franchise Sales Act, N.Y.Gen.Bus.L. §§ 680–95 (McKinney Supp.1980). Additionally, SBS seeks a stay pending arbitration pursuant to the broad form arbitration clause in the franchise agreement.[1] HB has responded by requesting that even if the stay is granted, the injunction should still issue.

In considering a motion for a stay pursuant to the Federal Arbitration Act, the permissible inquiry is narrow. The court may determine "only issues relating to the making and performance of the agreement to arbitrate." *Manes Org. v. Standard Dyeing & Finishing Co.*, 472 F.Supp. 687, 690 n. 4 (S.D.N.Y.1979). *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Conticommodity Services v. Philipp & Lion*, 613 F.2d 1222, 1224–25 (2d Cir.1980). The validity of the making of the arbitration agreement is undisputed. HB, however, resists a stay on two grounds.

First, HB claims that SBS has terminated the franchise and license agreement by its "activities." This claim, however, involves interpretation of the agreement, an exercise that should be left for the arbitrator. *Bressette v. International Talc Co.*, 527 F.2d 211, 215 (2d Cir.1975).

---

1. The arbitration clause reads, in pertinent part:

   Any controversy or claim arising out of or relating to this Agreement, or any breach thereof, including, without limitation, any claim that the said Agreement, or any part thereof, is invalid, illegal or otherwise voidable or void, shall be submitted to arbitration in accordance with the rules of the American Arbitration Association.

HB's second argument is that the question whether the agreement is voidable for failure to comply with New York's Franchise Sales Act is not arbitrable as a matter of public policy. It is true that certain types of disputes involving statutory violations have been held to be nonarbitrable because they are matters of public concern which should be resolved in court. *See Kamakazi Music Corp. v. Robbins Music Corp.*, 522 F.Supp. 125, 130–31 (S.D.N.Y. 1981) and cases cited therein.

This case, however, involves a "contract evidencing a transaction involving commerce" within the meaning of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. The FAA is federal substantive law, which federal courts sitting in diversity are required to apply, regardless of state regulatory policies. *Barron v. Tastee Freez Int'l*, 482 F.Supp. 1213, 1216–17 (E.D.Wis.1980). *See Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Mercury Constr. Corp. v. Moses H. Cone Mem. Hosp.*, 656 F.2d 933, 938 (4th Cir.1981) (en banc); *cert. granted*, 455 U.S. 937, 102 S.Ct. 1426, 71 L.Ed.2d 647 (1982); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 406–07 (2d Cir.1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Bache Halsey Stuart Shields, Inc. v. Moebius*, 531 F.Supp. 75, 77 (E.D.Wis.1982). Indeed, some state courts have concluded that the FAA requires them to enforce an arbitration clause despite a contrary state law or policy, *Allison v. Medicab Int'l*, 92 Wash.2d 199, 597 P.2d 380 (1979) (en banc), although this is not a universally accepted position, *Keating v. Superior Court of Alameda County*, 31 Cal.3d 584, 645 P.2d 1192, 183 Cal.Rptr. 360 (1983) (en banc). There is no question that the strong policy in favor of arbitration embodied in the FAA controls in this court; therefore, pursuant to the FAA, this action will be stayed.[2]

Turning to HB's request for a preliminary injunction, HB must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Jack Kahn Music Co. v. Baldwin Piano & Organ, Inc.*, 604 F.2d 755, 758 (2d Cir.1979). This court has the power in proper circumstances to issue injunctive relief pending arbitration. *Guinness-Harp Corp. v. Jos. Schlitz Brewing*, 613 F.2d 468 (2d Cir.1980). In a lawsuit of this type, however, a court must be particularly careful to avoid reaching the merits of arbitrable issues. *Mercury Constr. Corp. v. Moses M. Cone Mem. Hosp., supra*, 656 F.2d at 939 n. 9; *Conticommodity Services v. Philipp & Lion, supra*, 613 F.2d at 1224–25; *Guinness-Harp Corp., supra*, 613 F.2d at 471 n. 1; *Merit Ins. v. Leatherby Ins. Co.*, 581 F.2d 137, 142–43 (7th Cir.1978). Consideration of the prerequisites for preliminary injunctive relief would in this case inevitably invade the province of the arbitrator and undermine the arbitration process. *See Buffalo*

---

2. Parenthetically, HB has made no effort to show that this case is "so intertwined with overriding public policy considerations" so as to place it "beyond the bounds of the arbitration process." *Sprinzen v. Nomberg*, 46 N.Y.2d 623, 630, 389 N.E.2d 456, 459, 415 N.Y. S.2d 974, 977 (1976). Indeed, while the New York legislature found that the sale of franchises is a "matter affected with a public interest," N.Y.Gen.Bus.L. § 680(2) (McKinney Supp. 1980), this is a private dispute containing none of the earmarks of nonarbitrability. Its resolution will not affect a broad range of public interests and the issues are neither complex nor diverse. *See American Safety Equip. Corp. v. J.P. Maguire & Co.*, 391 F.2d 821, 826–27 (2d Cir.1968); *Flower World of America, Inc. v.*

*Wenzel*, 122 Ariz. 319, 594 P.2d 1015, 1018–19 (App.1978); Sterk, *Enforceability of Agreements to Arbitrate: An Examination of the Public Police Defense*, 2 Cardozo L.Rev. 481 (1981).

The Franchise Sales Act does contain a non-waiver provision similar to the one in the Securities Act of 1933, 15 U.S.C. § 77n, that led to the Supreme Court in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), to conclude that the right to sue under the Act cannot be waived by an arbitration clause. *See* N.Y. Gen.Bus.L. § 687(4) (McKinney Supp.1980). *Wilko v. Swan* was a case involving a conflict between two federal statutes, however, and, in any event, depended on the Court's interpretation of the Securities Act as a whole.

*Forge Co. v. United Steelworkers of America,* 428 U.S. 397, 412, 96 S.Ct. 3141, 3149, 49 L.Ed.2d 1022 (1976); *Kamakazi Music Corp. v. Robbins Music Corp.,* No. 80 Civ. 2877 (S.D.N.Y. June 5, 1980). This is especially so since the arbitrator has the power to grant injunctive relief to effectuate arbitration, including preliminary relief, and thus can be expected to rule on these very questions. *See* American Arbitration Ass'n, *Commercial Arbitration Rules* Rule 43 (1981); *Cott Beverage Dist. of Westchester, Inc. v. Cott Corp.,* 80 Civ. 346 (S.D.N.Y. Jan. 31, 1980). The motion for a preliminary injunction must therefore be denied.

For the reasons stated above, the motion for a stay is granted, and the motion for a preliminary injunction is denied.

IT IS SO ORDERED.