**Joseph STODOLINK, Jr., Anna O. Stodolink, Russell J. Denby, Jr., and Donna Denby**

v.

**YANKEE BARN HOMES, INC.**

Civ. No. B–83–219 (PCD).

United States District Court, D. Connecticut.

Nov. 3, 1983.

Kevin A. Coles, Bridgeport, Conn., for plaintiffs.

Samuel N. Allen, Middletown, Conn., for defendant.

**RULING ON DEFENDANT'S MOTION FOR STAY PENDING ARBITRATION**

DORSEY, District Judge.

This case involves a number of allegations of breach of an exclusive direct fran-

chise dealership contract naming plaintiffs as defendant's exclusive sales representatives in Connecticut and Westchester County, New York. Jurisdiction is based on diversity of citizenship, the plaintiffs being residents of Connecticut and the defendant being a Massachusetts corporation. After bringing suit in this court, plaintiffs refused defendant's demand for arbitration under the terms of their contract. For the reasons set forth below, defendant's motion to stay proceedings pending arbitration is granted.

The Federal Arbitration Act ("Act") applies whenever there is a "written provision in ... a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract ...." 9 U.S.C. § 2.

■■■ In rulings involving the Act, the courts have emphasized the "unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967). When a contract evidencing transactions in interstate commerce contains a broad arbitration clause, even a claim of fraud in the inducement of the entire contract is to be referred to the arbitrator. *Id.* The permissible inquiry in considering a motion for a stay is narrow, involving only the determination whether the issues in this action are within the terms of the agreement to arbitrate. *Klein Sleep Prod. v. Hillside Bedding Co.*, 563 F.Supp. 904, 905 (S.D.N.Y.1982); *Prima Paint Corp., supra* 388 U.S. at 404, 87 S.Ct. at 1806. The interpretation, construction and validity of arbitration agreements are determined according to substantive federal law, *see Prima Paint Corp., supra; Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2d Cir.1959), *cert. granted*, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618 *dismissed under Rule 60*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960), which federal courts sitting in diversity are required to apply, regardless of state regulatory policies. *Klein Sleep Prod., supra* at 906; *Barron v. Tastee Freez Int'l*, 482 F.Supp. 1213, 1216–17 (E.D.Wis.1980). *See Prima Paint Corp., supra.*

■■■ Here, there is no dispute that the franchise agreement evidences transactions in interstate commerce, nor that plaintiffs refused defendant's demand to arbitrate according to the terms of the contract. Plaintiffs rely on the Connecticut Franchise Act, Conn.Gen.Stat. §§ 42–133e, *et seq.*, which secures the right of access to the state courts to redress any violations of the law, Conn.Gen.Stat. § 42–133g, and declares that any purported waiver of the rights of a franchisee is void. Conn.Gen. Stat. § 42–133f(e).

Plaintiff posits a conflict between the public policy of the state and that of the Congress, and would have this court declare the arbitration agreement null and void for violating the Connecticut Franchise Act's anti-waiver provision. The court declines this invitation.

Federal courts have repeatedly held that the policy embodied in the Act does not depend for enforceability on the residence of the parties to a contract, but rather on the interstate nature of the contract. *Barron v. Tastee Freez, supra* at 1217; *see Romnes v. Bache & Co.*, 439 F.Supp. 833 (W.D.Wis.1977); *Klein Sleep Prod., supra.* Without intimating how a Connecticut court might rule on this issue, it is noteworthy that indeed some state courts have concluded that the Act requires them to enforce an arbitration clause despite contrary state law or policies. *See Allison v. Medicab Int'l*, 92 Wash.2d 199, 597 P.2d 380 (1970) (*en banc*), *contra Keating v. Superior Court of Alameda County*, 31 Cal.3d 584, 645 P.2d 1192, 183 Cal.Rptr. 360 (1982) (*en banc*).

Accordingly, the short answer to plaintiffs' contentions under the Connecticut Franchise Act is that the state law is not controlling in the face of congressional exercise of authority over interstate commerce. This result is mandated by the language of 9 U.S.C. § 2 and the judicial

construction thereof. *Barron, supra* at 1217. Plaintiff's claims are properly heard by the arbitrators. This case is hereby stayed pending arbitration of the matter according to the terms of the franchise agreement.

SO ORDERED.