**MANAGEMENT RECRUITERS OF ALBANY, INC., and Fred W. Erikson, Plaintiffs,**

v.

**MANAGEMENT RECRUITERS INTERNATIONAL, INC., Defendant.**

No. 85–CV–1447.

United States District Court, N.D. New York.

Aug. 5, 1986.

McNamee, Lochner, Titus & Williams, P.C. (Norman P. Fivel, of counsel), Albany, N.Y., for plaintiffs.

DeGraff, Foy, Conway, Holt-Harris & Mealey (David F. Kunz, of counsel), Albany, N.Y., and Donald L. Goldman, Cleveland, Ohio, for defendant.

## MEMORANDUM-DECISION AND ORDER

MUNSON, Chief Judge.

Plaintiffs Management Recruiters of Albany, Inc. ("MRA") and Fred W. Erikson commenced this action in New York State Supreme Court for Albany County on October 15, 1985. On November 4, 1985, defendant Management Recruiters International, Inc. ("MRI") removed the case to this Court. Jurisdiction herein is predicated upon diversity of citizenship. 28 U.S.C. § 1332(a).

This action arises out of a franchise agreement between MRI, as franchisor, and MRA, as franchisee. In October 1978, MRI and James M. Cole entered into a franchise agreement whereby Cole was authorized to use MRI's name in connection with a personnel placement service in Albany, New York. By November 1981, Cole had sold his entire interest in the business to Fred W. Erikson with the consent of MRI. In October 1982, Erikson assigned his interest in the agreement to MRA, a New York corporation of which he was the president. On July 14, 1983, MRI terminated the agreement with MRA and sold the franchise to another individual.

In late 1985, the plaintiffs commenced this action in New York state court alleging six causes of action based upon breach of the franchise agreement, tortious interference with contractual relations, unjust enrichment, unfair trade practices, and violations of New York's Franchise Law. After removing the action to this Court, MRI made the motion currently before the Court to compel arbitration of this dispute pursuant to the terms of the franchise agreement. In this regard, the agreement provides:

[A]ll controversies, claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, shall be decided by mediation and/or arbitration in accordance with the provisions of this Section. The party who seeks resolution of a controversy, claim, dispute or other matter in question shall notify the other party in writing of the existence and subject matter thereof, and shall designate in such notice the names of three (3) prospective mediators, each of whom shall be registered with the office of the American Arbitration Association in Cleveland, Ohio.

The recipient party shall select from such list one (1) individual to act as a mediator in the dispute set forth by the notifying party. The parties agree to meet with said mediator in Cleveland, Ohio within one week after the recipient party has received notice of the dispute and agree to utilize their best efforts and all expediency to resolve the matters in dispute....

If the dispute is not resolved by such mediation, it shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.... The parties agree that the arbitration shall take place in Cleveland, Ohio, and shall be

governed by the law of the State of Ohio, and shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. . . .

The plaintiffs oppose enforcement of this provision on the grounds that MRI, as the party breaching the franchise agreement, should not be permitted to invoke the terms of the agreement it breached. The plaintiffs further contend that enforcement of the provision will contravene the Franchise Law of the State of New York, N.Y.Gen. Bus.Law §§ 680, *et seq.* (McKinney 1984). Neither of these arguments is sufficient to defeat MRI's motion. For the reasons set out below, however, the Court concludes that it lacks authority to compel the arbitration of this dispute in Ohio. Nevertheless, the Court does have the authority to stay this action pending arbitration and will grant MRI's request for a stay.

■ Under Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2, an arbitration provision in a contract evidencing a transaction involving interstate commerce is enforceable, "save upon such grounds as exist at law or in equity for the revocation of [the agreement]." *Id. Accord Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 401, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 (1967). Questions concerning the interpretation, validity and enforceability of an agreement to arbitrate are governed by federal law regardless of state law or policy to the contrary. *See id.* at 400, 87 S.Ct. at 1804; *Sharp Electronics Corp. v. Branded Products, Inc.*, 604 F.Supp. 239, 242 (S.D.N.Y.1984). Under this law, any doubts concerning the arbitrability of a particular dispute are to be resolved in favor of arbitration in order to facilitate the strong federal policy favoring arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, — U.S. —, —, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 11–15, 104 S.Ct. 852, 859–60, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983).

■ There is no question but that the issues raised in this action are subject to arbitration under the parties' agreement. In this regard, the agreement provides that "all controversies, claims, disputes and matters in question *arising out of, or relating to,* this Agreement, *or the breach thereof,* shall be decided by mediation and/or arbitration. . . ." (emphasis added). By it express terms, the agreement applies not only to disputes arising during the life of the agreement but also to disputes arising out of or relating to *breach* of the agreement. All of the plaintiffs' claims fall within this description and therefore are subject to arbitration.

■ Despite this fact, the plaintiffs argue that MRI should somehow be estopped from requesting arbitration because of their alleged breach of the agreement. Implicit in this argument is an assumption that the mediation/arbitration process is an inferior method of resolving the present controversy. This assumption, however, is belied by the strong federal policy favoring arbitration. Moreover, the plaintiffs' argument cannot be squared with the terms of the parties' agreement which expressly provides that disputes arising out of or relating to breach of the agreement are subject to arbitration. In light of this, the plaintiffs' argument must be rejected.

■ The plaintiffs also argue that enforcement of the agreement will contravene New York's Franchise Law, N.Y.Gen. Bus.Law §§ 680, *et seq.* (McKinney 1984), because the agreement calls for arbitration in Ohio and application of the law of Ohio. In similar contexts, this argument has been repeatedly rejected by the federal courts. *See Good(e) Business Systems, Inc. v. Raytheon Co.*, 614 F.Supp. 428, 430–31 (W.D.Wis.1985) (arbitration clause in distributorship agreement); *Sharp Electronics Corp. v. Branded Products, Inc.*, 604 F.Supp. at 242–44 (arbitration clause in distributorship agreement); *Stodolink v. Yankee Barn Homes, Inc.*, 574 F.Supp. 557, 558 (D.Conn.1983) (arbitration clause in franchise agreement); *Klein Sleep*

*Products, Inc. v. Hillside Bedding Co.*, 563 F.Supp. 904, 906 (S.D.N.Y.1982) (arbitration clause in franchise agreement); *Sewer v. Paragon Homes, Inc.*, 351 F.Supp. 596, 601–02 (D.V.I.1972) (arbitration clause in distributorship agreement). In each of these cases, the court rejected the argument that considerations of state law or policy could defeat the effect of an arbitration clause in a contract involving interstate commerce. For example, in *Sharp Electronics Corp. v. Branded Products, Inc.*, a franchisee doing business in Texas, opposed enforcement of a franchise agreement that required arbitration in the City of New York with application of the law of the State of New York. Branded argued that its claims under Texas' antitrust statute could not be referred to arbitration. In rejecting the argument, the Court noted:

> "[A]n agreement to arbitrate in New York [does not pose] unconscionable difficulties. While the parties are thus to utilize a forum and rules of decision different from those they would have had if the matter had been litigated [in Texas], this is the sort of business arrangement that is fairly left to the contracting parties. Its burdens are not excessive."
>
> \*   \*   \*   \*   \*
>
> The federal policy in favor of arbitration overrides any state policy proscribing arbitration of state law claims. . . .

604 F.Supp. at 242–43 (quoting *Sewer v. Paragon Homes, Inc.*, 351 F.Supp. at 601–02). In *Stolink v. Yankee Barn Homes, Inc.*, an action involving the Connecticut Franchise Act, Conn.Gen.Stat. §§ 42–133e, *et seq.*, the court ordered arbitration despite the fact that the Connecticut statute guarantees right of access to the courts to redress violations of the statute. 574 F.Supp. at 8. As in the *Sharp Electronics* case, the court emphasized that the Federal Arbitration Act overrides all considerations of state law or policy provided the agreement at issue involves interstate commerce. Because the agreement between MRI and MRA in this case involves interstate commerce, the Court rejects the argument that the law of the State of New York precludes enforcement of the parties' agreement to submit this matter to arbitration.

Nevertheless, this Court has no authority to compel arbitration in the State of Ohio. Under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, a federal district court can only compel arbitration within its own district. *See Oil Basins Ltd. v. Broken Hill Proprietary Co. Ltd.*, 613 F.Supp. 483, 486 (S.D.N.Y.1985); *Couleur International Ltd. v. Saint-Tropez West*, 547 F.Supp. 176, 177–78 (S.D.N.Y.1982). Accordingly, MRI's motion to compel arbitration must be denied. Also before the Court, however, is MRI's motion for a stay pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

MRI has met the requirements for obtaining a stay under this provision and their motion in this regard is granted. It is now free to move to compel arbitration in the appropriate district court in Ohio. In order to keep the Court apprised of the status of this matter, counsel for MRI is directed to submit a letter to the Court within six months from the date of entry of this Order reporting on the status of the arbitration.

IT IS SO ORDERED.