**M & I ELECTRIC INDUSTRIES, INC.**

v.

**RAPISTAN DEMAG CORP.**

No. 1:92–CV–481.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 26, 1993.

John T. Johnson, Calvin, Dylewski, Gibbs & Maddox, Houston, TX, for plaintiff.

Bradley C. Weber, Locke, Purnell, Raine & Harrell, Dallas, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

M & I Electric Industries, Inc., ("MI"), plaintiff, filed suit in Jefferson County, Texas, seeking payment in contract for services rendered and damages in tort for defamation. The defendant, Rapistan Demag Corporation, ("RDC"), removed this suit to federal court on diversity and now moves to compel arbitration and stay the proceedings under Section 3 of the Federal Arbitration Act, ("the Act"), 9 U.S.C. §§ 1–14.

In December 1991, RDC accepted MI's bid to provide materials and labor in connection with the installation of conveyor lines at Mobil's Beaumont facility. In September 1992, a dispute arose over the quality of MI's services, upon which RDC filed for arbitration with the American Arbitration Association of Grand Rapids, Michigan, pursuant to Clause 24 of its Purchase Orders with MI of December 9, 1991, which states as follows:

> Any controversy or claim arising out of or relating to this agreement, or any alleged breach thereof, shall be fully and finally settled by arbitration in Grand Rapids, Michigan, in accordance with the rules then in force of the American Arbitration Association. . . .

MI responded by filing suit in state court, submitting an affidavit for Mechanic's and Materialman's Lien for labor and materials furnished to the defendant "[p]ursuant to a purchase order dated December 9, 1991."

■ It must be noted that RDC has styled this § 3 motion a "Motion to Compel Arbitration and Stay Proceedings." While the Supreme Court has recognized that the stay of proceedings pending arbitration under § 3 is a remedy intended for a defendant who wants to compel plaintiff to arbitration, *Barge "Anaconda" v. American Sugar Refining Co.*, 322 U.S. 42, 45, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944), the language of § 3 does not provide for a motion to compel. 9 U.S.C. § 3. In *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272 (5th Cir. 1980), the Fifth Circuit characterized the grant of both under § 3 as an "error"; but declined "to elevate form over substance" and reverse the court below in light of the strong federal policy favoring arbitration, the lack of prejudice to the party that sought to avoid arbitration, and the absence of timely objections. *Id.* at 1275 ("[I]t is, of course, preferable for the courts carefully to observe statutes and rules of procedure").

In any event, the "power to grant a stay is enough without the power to order that the arbitration proceed, for, if a stay be granted, plaintiff can never get relief unless he proceeds to arbitration." *"Anaconda".* It follows that, for the same reason, the grant of a § 3 motion to stay serves to enforce any venue provision in the arbitration clause. *See, G.D. Searle & Co. v. Metric Constructors, Inc.*, 572 F.Supp. 836 (N.D.Ga.1983) (nonmoving party may hold party moving to stay arbitration under § 3 to the provision in the arbitration clause that specifies the place of arbitration). *Cf., Dupuy–Busching General Agency v. Ambassador Ins.*, 524 F.2d 1275 (5th Cir.1975) (favoring enforcement of contract provision specifying site of arbitration in § 4 suit in light of strong federal policy favoring arbitration). Consequently, this court will not go beyond its statutory grant in this motion under § 3 of the Act.

That section requires the federal court in which suit has been brought, "upon any issue referable to arbitration under an agreement in writing for such arbitration," to stay the court action pending arbitration once it is satisfied the issue is arbitrable under the agreement. 9 U.S.C. § 3.

In passing upon an application under § 3, the court "may consider only the issues relating to the making and performance of the agreement to arbitrate." *Prima Paint v. Flood & Conklin*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1966). Arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir.1990) (quoting *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th Cir.1984)). Doubts are resolved in favor of the federal policy encouraging arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

There is nothing before the court to indicate that the Purchase Orders in question are anything but valid, written agreements between the parties for goods and services, acknowledged as such by the plaintiff in its affidavit for Mechanic's and Materialman's Lien submitted in state court and upon which MI based its suit for relief, containing a clause to arbitrate "[a]ny controversy or claim arising out of or relating to this agreement, or any alleged breach thereof ... in Grand Rapids, Michigan ..." As this clause arguably covers the parties' dispute over goods and services received pursuant to the Purchase Order, this suit falls under the Act.

 Plaintiff argues, *inter alia,* that defamation is a suit in tort and so does not come under the arbitration clause, that the Purchase Orders were not signed by the parties, that by removing to federal court and filing this motion the defendant waived its right to arbitrate in accordance with the terms of the agreement, and that the plaintiff is entitled to arbitration in the Eastern District of Texas under § 4 of the Act.

However, stays of nonarbitrable causes of action are within the court's discretion to control its docket. *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840, 856 (2d Cir.1987) (recommending stay of nonarbitrable claim if the arbitrable claim predominates the suit and the nonarbitrable claim is of questionable merit). *See, Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 20 n. 23, 103 S.Ct. 927, 939 n. 23, 74 L.Ed.2d 765 (1983). Neither the Act nor the courts require that written agreements be signed or subscribed by the parties. 9 U.S.C. § 3. *See, e.g., Genesco* at 846 (unsigned sales confirmation notice with arbitration clause and performance); *Al-Salamah Arabian Agencies Co., Ltd. v. Reece,* 673 F.Supp. 748 (M.D.N.C.1987) (collecting cases). Removal does not preclude the rights of the party seeking arbitration under § 3. *Garner Lumber Co. v. Randolph E. Valensi, Lange, Inc.,* 393 F.Supp. 161, 163 (D.C.N.Y.1974). *See, Municipal Energy Agency of Miss. v. Big Rivers Electric Corp.,* 804 F.2d 338, 345 (5th Cir.1986) (defensive actions of the party seeking to enforce arbitration did not constitute a waiver of the right to secure arbitration in another arena). Finally, MI cannot appeal to § 4 of the Act to obtain a venue other than that specified in the arbitration clause because MI is not the party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. *Aaacon Auto Transport v. Barnes,* 603 F.Supp. 1347 (D.C.N.Y.1985); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3569. *See, Municipal Energy Agency* at 345 ("It would stand reason on its head to allow [plaintiff] to dictate the choice of forum for arbitration by seeking to avoid arbitration").

ACCORDINGLY, for the reasons set out above, the defendant's motion to stay the proceedings pending arbitration is GRANTED.