Colvin Gregg RYAN, Plaintiff,

v.

Robert W. ALLEN; Thomas E. Ward; Gustavo Koch; Andes Colombianos Mineria & Exploracion, S.A., a Colombian corporation; and The Bullett Group, a/k/a Bullet Mineral Investments, a company; a/k/a Bullet Holdings Corp., a Panamanian corporation; a/k/a Gold Bullet Corp., a Nevada corporation; a/k/a Grupo De Bullet, S.A., a Colombian corporation; a/k/a Rio De Oro S.R. LTDA, a Colombian limited liability company, Defendants.

No. 97–CV–1414 LEK/DRH.

United States District Court, N.D. New York.

Jan. 29, 1998.

Smith, Buss & Jacobs, LLP, New York City, for Plaintiff; Gerald Kahn, of counsel.

Merkin & Hemme, La Jolla, CA, for Plaintiff; Donald Merkin, of counsel.

Ballard, Spahr, Andrews & Ingersoll, Washington, DC, for Defendants; Charles S. Wassell, F. Joseph Nealon, of counsel.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

In this action plaintiff alleges violations of the Securities Act of 1933 ("1933 act"), 15 U.S.C. § 77a *et seq.*; the Securities Exchange Act of 1934 ("1934 act"), 15 U.S.C. § 78a *et seq.* (collectively "the securities acts"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; and various common law claims. The claims arise out of investments in a gold exploration venture. Specifically, plaintiff alleges that he was fraudulently induced to invest in companies purporting to have interests in gold mines located in Colombia.

Presently pending is defendants' motion to stay the action pending arbitration. Docket No. 15. Plaintiff opposes the motion. Docket No. 21. Also pending is plaintiff's motion to file a second amended complaint.[1] Docket

---

1. The record reflects that the parties previously stipulated to allow plaintiff to file a first amended complaint. Docket No. 9. The docket in this matter, however, does not reflect that a first amended complaint was ever filed. A document not filed with the Court is of no force and effect. *See* Fed.R.Civ.P. 5(d) (requiring filing with court of all papers within a reasonable time after service); *see also* N.D.N.Y.L.R. 15.1(b) ("[a]fter leave [to file an amended pleading] is given, the party to whom leave is granted shall then file and serve the original signed amended pleadings"). On the present record, then, the original complaint has never been amended.

No. 17. Defendants oppose that motion. Docket No. 19. For the reasons which follow, both motions are granted.

## I. Background

This action was commenced in the United States District Court for the Southern District of New York and transferred to this district by order of United States District Judge Harold Baer, Jr. *Ryan v. Allen,* No. 97–CIV–55, 1997 WL 567717 (S.D.N.Y. Sept. 11, 1997). Plaintiff's complaint alleges that the individual and corporate defendants wrongfully induced plaintiff to make loans to further development of mining interests in or around Medellin, Colombia. Plaintiff alleges that defendants Robert Allen and Thomas Ward owned controlling interests in various corporate entities, including Rio de Oro, S.A. ("RIO"), the Bullet Group and Andes Colombianos Mineria & Exploracion, S.A. ("ACME"), which were used to defraud individual investors like plaintiff.

In 1994, plaintiff became involved with defendants' mining endeavor in South America. Plaintiff claims that defendants falsely told him that, through their connections within Colombia, defendants had obtained certain interests to gold claims in that nation. According to plaintiff, defendants stated that the gold could be commercially mined, that projected yield from the mines was over sixteen million ounces of gold, that defendants were experienced in the mining industry, and that following certain initial investments, the remaining costs of developing the Colombian mines could be borrowed against future profits.

In reliance on these representations, plaintiff made a series of loans to defendants to finance initial steps in the mining process. These loans were memorialized in written agreements (collectively "the loan agreements") on November 27, 1995 ($200,000 from plaintiff to RIO); March 12, 1996 ($33,-333 from plaintiff to Allen for ACME's benefit); and March 16, 1996 ($33,333 from plaintiff to Ward for ACME's benefit).

Plaintiff now claims that the representations about the alleged claims to gold interests in Colombia and the potential profitability of any mines there were false and that defendants fraudulently induced his invest-ment. He now asserts claims sounding in fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, money had and received; an action for an accounting; and statutory claims based on the securities acts and RICO.

## II. Discussion

### A. Motion for a Stay Pending Arbitration

 Plaintiff correctly notes that a district court lacks authority to compel parties to arbitrate a matter outside of that court's district. *See Oil Basins Ltd. v. Broken Hill Proprietary Co.,* 613 F.Supp. 483, 486 (S.D.N.Y.1985); *Couleur Int'l Ltd. v. Saint–Tropez West,* 547 F.Supp. 176, 177–78 (S.D.N.Y.1982). Those cases, however, also recognize that a court may stay a pending action while a party seeks an order compelling arbitration in the proper forum. *Id.; see also Management Recruiters of Albany, Inc. v. Management Recruiters Int'l. Inc.,* 643 F.Supp. 750, 753 (N.D.N.Y.1986).

Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3.

 Plaintiff and defendants RIO, Ward, and Allen are all parties to arbitration clauses contained in the loan agreements. The arbitration provision at issue here is quite broad. The parties agreed to arbitrate "[a]ny disputes arising under [these] agreements." Questions about the scope of an arbitration clause should generally be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Shearson Lehman Hutton, Inc. v.*

*Wagoner,* 944 F.2d 114, 121 (2d Cir.1991). That presumption applies with even greater force when the parties are bound by a broad arbitration clause. *Shearson Lehman Hutton, Inc.,* 944 F.2d at 121. The gravamen of plaintiff's claims, both statutory and common law, is that defendants fraudulently induced plaintiff to make the loans that are the subject of the loan agreements. The grounds on which the loans were agreed to and the means by which those agreements were procured appear to constitute matters "arising under" the loan agreements.

 Given the federal policy favoring arbitration, *see Moses H. Cone,* 460 U.S. at 24, and the broad language of the arbitration clause as it relates to the claims made in this action, defendants have met their burden for obtaining a stay pending arbitration by establishing that the issues involved here are referable to arbitration. Whether all the claims asserted by plaintiff are arbitrable need not be decided because in the exercise of discretion proceedings on any nonarbitrable claims may be stayed as well. *See M & I Elec. Indus., Inc. v. Rapistan Demag Corp.,* 814 F.Supp. 545, 547 (E.D.Tex.1993) (citing *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.,* 815 F.2d 840, 856 (2d Cir.1987)).

Defendants are being granted a stay to pursue arbitration. That stay may be vacated if defendants fail to do so. *See Citrus Mktg. Bd. of Isr. v. J. Lauritzen A/S,* 943 F.2d 220, 225 (2d Cir.1991) (citing *Nederlandse Erts–Tankersmaatschappij, N.V. v. Isbrandtsen Co.,* 339 F.2d 440, 442 (2d Cir. 1964)). In order to maintain supervision over this matter, defendants should seek arbitration forthwith and the parties are directed to appear before this Court for a status conference on **June 1, 1998 at 2:30 p.m.**[2]

### B. Motion to Amend

 Once a defendant has served an answer, a party may amend the complaint only with leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a). Leave to amend "shall be freely given when justice so requires." *Id.* Courts have generally found that when a party states a colorable claim for relief, an amendment should

be allowed unless to do so would unduly prejudice the opposing party. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Dev. Fund Co., Inc.,* 608 F.2d 28, 42 (2d Cir.1979). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court. *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995). As to claims of prejudice by the opposing party, the Second Circuit has stated:

> In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

*Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993).

 In light of these factors, little danger of prejudice exists if plaintiff is granted permission to file an amended complaint. Discovery has yet to begin and, therefore, the proposed amendment will not impose added discovery expenses. Moreover, this case is in its initial stages and has not yet progressed to a point where new claims or allegations will in any way delay the ultimate resolution of this matter.

 Defendants have offered no claim of prejudice from the amendment and oppose the motion on the sole ground that the proposed amendment is barred by the law of the case doctrine. That doctrine, a form of intra-action res judicata, holds that decisions made at one stage of litigation are binding in all subsequent stages. See *DiLaura v. Power Auth. of State of New York,* 982 F.2d 73, 76 (2d Cir.1992); *F.T.C. v. Metro. Communications Corp.,* 977 F.Supp. 295, 297 (S.D.N.Y. 1997).

 Defendants argue that because Judge Baer found that he lacked jurisdiction over certain defendants, *see Ryan,* 1997 WL 567717, at *1, plaintiff cannot offer an amended complaint containing any claims

**2.** The conference previously scheduled for March 10, 1998 is hereby cancelled.

against those defendants. While Judge Baer did discuss jurisdiction he did not dismiss any defendant. *Id.* ("rather than dismiss, I, now transfer this case...."). His analysis on the jurisdictional point, therefore, is purely dicta, which is not binding as the law of the case. *See In re Meridian Reserve, Inc.,* 87 F.3d 406, 410 (10th Cir.1996) (dicta is not subject to law of the case doctrine); *May Dep't Stores Co. v. Int'l Leasing Corp.,* No. 88–CIV–4300, 1995 WL 656986, at *2 (S.D.N.Y. Nov.8, 1995) (same).

Plaintiff's motion to file an amended complaint is granted.

### III. Conclusions[3]

**WHEREFORE,** for the reasons stated above, it is hereby

**ORDERED** that defendants' motion for an order staying this action pending arbitration is **GRANTED,** except as it relates to the filing of the amended complaint and answers thereto as noted herein; and

**IT IS FURTHER ORDERED** that plaintiff's motion to file an amended complaint is **GRANTED,** and plaintiff shall file the amended complaint on or before **February 20, 1998,** and defendants may file and serve answers thereto within the time permitted by the Federal Rules of Civil Procedure; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order by regular mail upon parties to this action.

---

3. Defendants have now moved for a stay of discovery pending decision on their motion to stay the action. Docket No. 22. This decision necessarily moots that motion and it is, therefore, denied.